# Exhibit A

# Process, pleadings and orders

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

ANGELINA JACOB;

       Plaintiff,

v.

RENEGADE AUTO TRANSPORT
CORP;
JUAN CARLOS MEDEROS a/k/a
JUAN CARLOS MEDEROS HORTAS; and
PRIME PROPERTY & CASUALTY
INSURANCE INC.;

       Defendants.

CIVIL ACTION

FILE NO. _____
22A00905

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DAMAGES

COMES NOW ANGELINA JACOB, ("Plaintiff"), by and through her counsel of record, and files this Complaint for Damages, showing this Honorable Court as follows:

### PARTIES AND JURISDICTION

1.

This is an action for personal injury damages arising out of a motor vehicle collision that occurred on August 19, 2020, in DeKalb County, Georgia.

### PARTIES, JURISDICTION, AND VENUE

2.

Plaintiff sustained personal injuries and damages as a result of a motor vehicle collision that occurred at approximately 9:31 pm on August 19, 2020, in DeKalb County, Georgia.

3.

Plaintiff is a citizen of Gwinnett County, Georgia.

**COMPLAINT FOR DAMAGES – Page 1**

4.

Defendant Juan Carlos Mederos a/k/a Juan Carlos Mederos Hortas ("Mederos") resides at 1529 NW 50 Street, Miami, Miami-Dade County, Florida 33142, and may be served with a copy of the Summons and Complaint at this address.

5.

Mederos may also be served with a copy of the Summons and Complaint through the Georgia Secretary of State pursuant to O.C.G.A. § 40-12-2 as Mederos is a non-resident motorist and lives in a state other than Georgia.

6.

Mederos is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-12-1, known as Georgia's Non-resident Motorist Act. Mederos is also subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, as Mederos committed a tortious act and/or omission within the State of Georgia.

7.

Once served with process, Mederos is subject to the jurisdiction and venue of this Court.

8.

Mederos was properly served with process in this civil action.

9.

Mederos was sufficiently served with process in this civil action.

10.

Mederos is subject to the jurisdiction of this Court.

11.

Defendant Renegade Auto Transport Corp ("Renegade Auto Transport") is a foreign corporation with its principal place of business in a state other than Georgia and is a federal motor carrier by definition by the Federal Motor Carrier Safety Administration. Renegade Auto Transport has a U.S. Department of Transportation Number 2487461.

**COMPLAINT FOR DAMAGES – Page 2**

12.

Renegade Auto Transport is subject to the jurisdiction of this Court, pursuant to O.C.G.A. § 40-1-117(b), because this action may be brought in the county where the cause of action or some part thereof arose.

13.

Renegade Auto Transport may be served with process by delivering a copy of the Summons and Complaint upon its process agent designated to accept service of process in the State of Georgia under the Federal Motor Carrier Safety Regulations: Cody B. Gillies at 5704 Veterans Parkway, Columbus, Muskogee County, GA 31904.

14.

Renegade Auto Transport may also be served with the Summons and Complaint upon its registered agent: Juan Ramirez at 11780 SW 248th Terrace, Homestead, Miami-Dade County, Florida 33032. Once served with process as described in this paragraph, Renegade Auto Transport is subject to the jurisdiction and venue of this Court.

15.

Renegade Auto Transport may also be served with process by delivering a copy of the Summons and Complaint pursuant to O.C.G.A. § 40-1-117 and O.C.G.A. § 40-12-1 as Renegade Auto Transport is a non-resident motor carrier and is a foreign corporation with its principal place of business in a state other than Georgia and is authorized to transact business in Georgia.

16.

Renegade Auto Transport was properly served with process in this civil action.

17.

Renegade Auto Transport was sufficiently served with process in this civil action.

18.

Renegade Auto Transport is subject to the jurisdiction of this Court.

**COMPLAINT FOR DAMAGES – Page 3**

19.

Defendant Prime Property & Casualty Insurance Inc. ("Prime") is a foreign corporation with its principal place of business in a state other than Georgia and is authorized to transact business in the state of Georgia.

20.

At the time of the Subject Complaint, Renegade Auto Transport had automobile liability coverage for any damages that were caused through the negligent operation of the commercial motor vehicle that Mederos was operating at the time of the Subject Collision.

21.

The liability coverage for the collision described in this Complaint is being provided to Renegade Auto Transport through a policy of insurance issued by Prime and further identified as Policy Number PC20051241, which provides coverage to Renegade Auto Transport for any damages, including bodily injury, that were caused through the negligent operation of the commercial motor vehicle that Mederos was operating at the time of the Subject Collision.

22.

Prime is subject to the jurisdiction of this Court, pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140, because Prime was the insurer providing liability coverage for the defendant motor carrier Renegade Auto Transport at the time of the collision described in this Complaint.

23.

Upon information and belief, Prime is a foreign corporation with its principal place of business in state other than the Georgia and upon information and belief was authorized to transact business in Georgia at the time of the automobile collision that is the subject of this civil action. Prime does not maintain a registered agent in the State of Georgia and has not otherwise appointed a person who is a resident of the State of Georgia to receive service of process, and pursuant to O.C.G.A § 33-5-53 can be served by serving the Commissioner of Insurance, State of

Georgia. Once served with process as described in this paragraph, Prime is subject to the jurisdiction and venue of this Court.

24.

Prime may also be served with the Summons and Complaint upon its registered agent: Jeffery P. Leman at 8722 S. Harrison Street, Sandy, Salt Lake County, Utah 84070. Once served with process as described in this paragraph, Prime is subject to the jurisdiction and venue of this Court.

25.

Prime may also be served pursuant to O.C.G.A §§ 14-2-1510 and/or 33-4-3.

26.

Venue in the above-styled civil action is proper in this County and Court.

## FACTS

27.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

28.

On or about August 19, 2020, at approximately 9:31 pm, Plaintiff was operating a black 2020 BMW X3 2013 in lane number 6 and was traveling south on I-85 in DeKalb County, Georgia.

29.

On or about August 19, 2020, at approximately 9:31 pm, Mederos was operating a white 2012 Peterbilt tractor-trailer in lane number 5 and was traveling south on I-85 directly to the left of Plaintiff's vehicle.

30.

On or about August 19, 2020, at approximately 9:31 pm, Mederos was operating the tractor-trailer in the course and scope of his employment with Renegade Auto Transport.

31.

On or about August 19, 2020, at approximately 9:31 pm, Mederos' vehicle began to merge into Plaintiff's lane of travel.

32.

Suddenly and without warning to Plaintiff, Mederos crossed into Plaintiff's lane of travel and slammed the Renegade Auto Transport tractor-trailer into Plaintiff's vehicle.

33.

At all times related to the Subject Collision, Plaintiff was acting in a reasonable and prudent manner.

34.

Defendants do not blame Plaintiff for causing or contributing to the cause of the Subject Collision.

35.

Defendants are 100% at fault for causing the Subject Collision.

36.

No act or failure to act on the part of the Plaintiff caused or contributed to the cause of the Subject Collision.

37.

No act or failure to act on the part of any third party caused or contributed to the cause of the Subject Collision.

38.

No act or failure to act on the part of the Plaintiff caused or contributed to the cause of Plaintiff's claimed injuries.

39.

No act or failure to act on the part of any third party caused or contributed to the cause of Plaintiff's claimed injuries.

40.

Defendants agree that they should fairly compensate Plaintiff for all injuries and damages that were caused by the Subject Collision.

41.

As a result of the collision, Plaintiff suffered serious and permanent injuries and damages.

## COUNT I: DIRECT ACTION AGAINST PRIME PROPERTY & CASUALTY INSURANCE INC.

42.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

43.

Prime provided liability insurance for the driver and/or truck that was involved in the subject motor vehicle collision.

44.

Prime agreed to provide insurance coverage to Renegade Auto Transport in consideration for the payment of insurance premiums.

45.

Prime was transacting business in the State of Georgia and in DeKalb County, Georgia on the date of the Subject Incident, and at all material times hereto, and is subject to the venue of this Court pursuant to O.C.G.A. § 33-4-1.

46.

Plaintiff, as a member of the public injured due to a common carrier's negligence, is a third-party beneficiary to that agreement.

47.

Pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140, Prime is subject to this Direct Action.

## COUNT II: NEGLIGENCE OF RENEGADE AUTO TRANSPORT CORP

48.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

49.

At all times material hereto, Mederos was an employee of Renegade Auto Transport.

50.

At all times material hereto, Mederos was acting within the scope and course of his employment with Renegade Auto Transport.

51.

At all times material hereto, Mederos was an agent of Renegade Auto Transport.

52.

At all times material hereto, Mederos was acting within the scope and course of his agency with Renegade Auto Transport.

53.

At all times material hereto, Mederos was authorized by Renegade Auto Transport to operate the tractor-trailer that was involved in the collision described in this Complaint.

54.

Renegade Auto Transport is liable for the negligent actions and omissions of Mederos pursuant to the doctrine of *respondeat superior*.

55.

Renegade Auto Transport was the owner of the tractor operated by Mederos and is therefore liable for damages caused in this case.

56.

Renegade Auto Transport was the owner of the trailer operated by Mederos and is therefore liable for damages caused in this case.

57.

Renegade Auto Transport was also itself negligent in the following ways:

a.      Negligently hiring or contracting with Defendant Juan Carlos Mederos a/k/a Juan Carlos Mederos Hortas to drive the vehicle at issue;

b.      Negligently training Defendant Juan Carlos Mederos a/k/a Juan Carlos Mederos Hortas;

c.      Negligently entrusting Defendant Juan Carlos Mederos a/k/a Juan Carlos Mederos Hortas to drive the vehicle professionally;

d.      Negligently retaining Defendant Juan Carlos Mederos a/k/a Juan Carlos Mederos Hortas to drive the vehicle at issue;

e.      Negligently qualifying Defendant Juan Carlos Mederos a/k/a Juan Carlos Mederos Hortas;

f.      Failing to supervise Defendant Juan Carlos Mederos a/k/a Juan Carlos Mederos Hortas; and

g.      Otherwise failing to act as a reasonably prudent company under the circumstances.

58.

As a direct and proximate result of the negligence of Defendants Juan Carlos Mederos a/k/a Juan Carlos Mederos Hortas and Renegade Auto Transport Corp in the ensuing collision, Plaintiff sustained severe and permanent injuries.

59.

Renegade Auto Transport is liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff.

## COUNT III: NEGLIGENCE OF DEFENDANT JUAN CARLOS MEDEROS A/K/A JUAN CARLOS MEDEROS HORTAS

60.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

61.

At all relevant times, Mederos owed the following civil duties to Plaintiff but violated those duties in the following ways:

a.      Failure to maintain his lane of travel;

b.      Failing to activate his turn signal;

c.      Failing to maintain proper control of his vehicle;

d.      Failing to keep a proper lookout for traffic;

e.      Failing to make reasonable and proper observations while driving;

f.      Failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

g.      Failing to keep an assured safe distance from Plaintiff's vehicle;

h.      Failing to drive at a reasonable and prudent speed under the conditions;

i.      Failing to obey traffic laws;

j.      Operating a cellular mobile device while driving;

k.      Otherwise failing to act reasonably and prudently as a driver should under the circumstances;

l.       Failing to follow the Hours of Service Regulations put out in the Federal Motor Carrier Safety Regulations, which could lead to being a fatigued driver; and

m.      Failing to follow the mandatory drug and alcohol testing requirements put out in the Federal Motor Carrier Safety Regulations, which could lead to driving impaired.

62.

Mederos was also negligent *per se* in that he violated a number of laws and regulations governing his operation of a vehicle, including:

a.     Turning Movements; Signals Required on Turning, Changing Lanes, Slowing, or Stopping (O.C.G.A. §40-6-123);

b.     Driving on Roadways Laned for Traffic (O.C.G.A. § 40-6-48);

c.     Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

d.     Failure to Drive Vehicle at a Reasonable and Prudent Speed Under the Conditions (O.C.G.A. § 40-6-180);

e.     Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1); and

f.     Reckless Driving (O.C.G.A. § 40-6-390).

63.

As a result of Mederos' negligence, Plaintiff suffered severe and permanent injuries.

64.

As a direct and proximate result of the negligence and negligence per se of Mederos, Plaintiff has incurred and are entitled to recover special damages, including, but not limited to, past and future medical expenses and past and future lost income, and other miscellaneous expenses, in an amount that will be proved at trial. Plaintiff is also entitled to recover for her general damages, including past and future pain and suffering and related damages.

## COUNT IV: COMBINED AND CONCURRING NEGLIGENCE

65.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

66.

Each of the Defendants acted in a manner which either alone, and/or combined and concurring with the actions of the other Defendants' acts of negligence described herein directly and proximately caused the collision and Plaintiff's injuries.

**COMPLAINT FOR DAMAGES – Page 11**

67.

As a direct and proximate result of the negligence of the Defendants, Plaintiff has incurred medical expenses in excess of $40,470.52.

68.

As a direct and proximate result of the negligence of the Defendants, Plaintiff sustained injuries to her left knee, left shoulder, neck, and back.

69.

As a direct and proximate result of the negligence of the Defendants, Plaintiff was physically injured, has suffered, and will continue to suffer pain, disability, loss of earning capacity, loss of enjoyment of life, anxiety, and related damages.

70.

As a direct and proximate result of the breaches of duty by Defendants, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, lost wages, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

**WHEREFORE**, Plaintiff prays that the following relief be granted:

a.      A trial by jury;

b.      For Summons and Complaint to issue against each Defendant;

c.      For judgment against each Defendant to compensate Plaintiff for her past and future injuries and damages;

d.      For judgment against each Defendant for attorneys' fees and expenses of litigation;

e.      Court costs, discretionary costs, and prejudgment interest; and

f.      For all such further and general relief which this Court deems just and proper.


Dated this 10th day of March, 2022.

                              WLG Atlanta, LLC


                              */s/ Ashley Pitts*
                              Ashley Pitts
                              Georgia State Bar Number 481759
                              Adewale Odetunde
                              Georgia State Bar Number 374418
                              Attorneys for Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:      404-905-6020
Facsimile:      470-880-5095
E-Mail:         ashley.pitts@witheritelaw.com

                              STATE COURT OF
                              DEKALB COUNTY, GA.
                              3/10/2022 8:49 AM
                              E-FILED
                              BY: Monica Gay

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☑ State Court of ___DeKalb___ County

| For Clerk Use Only | |
|---|---|
| Date Filed ___3/10/2022___ | Case Number ___22A00905___ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**
Jacob, Angelina

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
Renegade Auto Transport Corp

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
Mederos, Juan Carlos a/k/a Hortas, Juan Carlos Mederos

Prime Property & Casualty Insurance Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Ashley Pitts   **Bar Number** 481759   **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☑ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**                 **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.20
**STATE COURT OF
DEKALB COUNTY, GA.
3/10/2022 8:49 AM
E-FILED
BY: Monica Gay**

No. 22A00905 _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**Date Summons Issued and E-Filed**

3/10/2022
_____

/s/ Mundy Jackson
_____

Deputy Clerk

Deposit Paid $ _____

**SUMMONS**

 Angelina Jacob c/o WLG Atlanta, LLC
_____

 600 Peachtree Street NE, Suite 4010, Atlanta, GA 30308
Plaintiff's name and address

☑ **JURY**

**vs.**

Uninsured/Underinsured Motorist Carrier GEICO General
Insurance Company c/o Registered Agent CT Corporation System
_____

 289 S. Culver Street, Lawrenceville, GA 30046
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

 Ashley Pitts _____
Name

 600 Peachtree Street NE, Suite 4010, Atlanta, GA 30308 _____
Address

 404-905-6020                                              481759 _____
Phone Number                                        Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

| | |
|---|---|
| _____ | _____ |
| Defendant's Attorney | Third Party Attorney |
| _____ | _____ |
| Address | Address |
| _____ | _____ |
| Phone No.              Georgia Bar No. | Phone No.              Georgia Bar No. |

**TYPE OF SUIT**

☑ Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☐ Other

Principal $ _____

Interest $  _____

Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☑**(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

22A00905

No. _____

**Date Summons Issued and E-Filed**

3/10/2022

_____

/s/ Monica Gay

_____

Deputy Clerk

Deposit Paid $ _____

☑ **JURY**

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

 Angelina Jacob c/o WLG Atlanta, LLC

 600 Peachtree Street NE, Suite 4010, Atlanta, GA 30308
Plaintiff's name and address

**vs.**
Juan Carlos Mederos a/k/a
Juan Carlos Mederos Hortas

 1529 NW 50 Street, Miami, FL 33142
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

 Ashley Pitts
Name
 600 Peachtree Street NE, Suite 4010, Atlanta, GA 30308
Address
 404-905-6020                                                      481759
Phone Number                                          Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____
Defendant's Attorney

_____
Address

_____
Phone No.                          Georgia Bar No.

_____
Third Party Attorney

_____
Address

_____
Phone No.                          Georgia Bar No.

**TYPE OF SUIT**

☑ Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☐ Other

Principal $ _____

Interest $  _____

Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☑ **(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

22A00905

No. _____

**Date Summons Issued and E-Filed**

3/10/2022

_____

/s/ Monica Gay

_____

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

Angelina Jacob c/o WLG Atlanta, LLC

600 Peachtree Street NE, Suite 4010, Atlanta, GA 30308
Plaintiff's name and address

☑ **JURY**

**vs.**
Prime Property & Casualty Insurance Inc.
c/o Registered Agent Jeffery P. Leman

8722 S. Harrison Street, Sandy, UT 84070
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Ashley Pitts
Name
600 Peachtree Street NE, Suite 4010, Atlanta, GA 30308
Address
404-905-6020                                                  481759
Phone Number                              Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____          _____
Defendant's Attorney                                              Third Party Attorney

_____          _____
Address                                                                   Address

_____          _____
Phone No.                          Georgia Bar No.          Phone No.                    Georgia Bar No.

**TYPE OF SUIT**

☑ Personal Injury ☐ Products Liability          Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability          Interest $ _____
☐Other

Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☑**(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

22A00905

No. _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**Date Summons Issued and E-Filed**

3/10/2022

~~/s/ Monica Gay~~

**SUMMONS**

_____

Deputy Clerk

Deposit Paid $ _____

Angelina Jacob c/o WLG Atlanta, LLC

600 Peachtree Street NE, Suite 4010, Atlanta, GA 30308
Plaintiff's name and address

☑ **JURY**

**vs.**
Renegade Auto Transport Corp c/o
Registered Agent Juan Ramirez

11780 SW 248th Terrace, Homestead, FL 33032
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Ashley Pitts_____
Name
600 Peachtree Street NE, Suite 4010, Atlanta, GA 30308_____
Address
404-905-6020_____481759_____
Phone Number                                        Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____        _____
Defendant's Attorney                                      Third Party Attorney

_____        _____
Address                                                   Address

_____        _____
Phone No.                    Georgia Bar No.            Phone No.            Georgia Bar No.

**TYPE OF SUIT**

☑ Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☐Other

Principal $ _____

Interest $ _____

Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☑**(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for**
**service appears in the complaint.**

E-file summons1-2016

**STATE COURT OF**
**DEKALB COUNTY, GA.**
**3/10/2022 8:49 AM**
**E-FILED**
**BY: Monica Gay**

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

ANGELINA JACOB;

       Plaintiff,

v.

RENEGADE AUTO TRANSPORT
CORP;
JUAN CARLOS MEDEROS a/k/a
JUAN CARLOS MEDEROS HORTAS; and
PRIME PROPERTY & CASUALTY
INSURANCE INC.;

       Defendants.

CIVIL ACTION
       22A00905
FILE NO. _____

---

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT PRIME PROPERTY & CASUALTY INSURANCE INC.

COMES NOW PLAINTIFF ANGELINA JACOB ("Plaintiff") in the above-captioned lawsuit and pursuant to O.C.G.A. §§ 9-11-34 and 9-11-36 hereby propounds the following First Requests for Admissions and First Request for Production to Defendant Prime Property & Casualty Insurance Inc. ("Prime") pursuant to the Georgia Civil Practice Act, and as required by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording.  The term includes material in all forms, including printed, written, recorded, or other.  The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.).  This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books,

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT PRIME PROPERTY & CASUALTY INSURANCE INC. – Page 1**

**STATE COURT OF
DEKALB COUNTY, GA.
3/10/2022 8:49 AM
E-FILED
BY: Monica Gay**

orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings.  Plaintiff expressly intend for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.   "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.   (a)    "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)    "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.   "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT PRIME PROPERTY & CASUALTY INSURANCE INC. – Page 2**

not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

5.     The terms "**and**" as well "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

6.     Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

7.     With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

8.     "**Subject Collision**" as used herein means the collision described in the Complaint.

9.     "**Prime**," "**Prime Insurance**", "**You**", "**Your**", or "**Yours**" as used herein refers to and means Defendant PRIME PROPERTY & CASUALTY INSURANCE INC.

10.    "**Mederos**" and "**Defendant Mederos**" as used herein refer to and mean Defendant driver JUAN CARLOS MEDEROS a/k/a JUAN CARLOS MEDEROS HORTAS.

11.    "**Renegade Auto Transport**" and as used herein refers to and means Defendant RENEGADE AUTO TRANSPORT CORP.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**     Each liability insurance policy that provides or may provide coverage for damages claimed by Plaintiff in the Subject Collison described in their Complaint.

      a.      For each such policy, produce a compete Declarations Page;

      b.      For each such policy, produce the first application for insurance coverage;

      c.      For each such policy, produce each renewal of coverage application;

      d.      For each such policy, produce all First Reports of Claims involving motor vehicle collisions, where Defendant Renegade Auto Transport Corp ("Renegade Auto Transport") or one of its drivers was alleged to have failed or actually did fail to slow and/or stop and collide with another vehicle.

**REQUEST NO. 2:**     For each liability insurance policy that you issued, which provides or may provide coverage for damages claimed by Plaintiff in the Subject Collison described in their Complaint, please produce Prime's First Report of Claim related to any property damages it incurred as a result of the Subject Collision.

**REQUEST NO. 3:**      For each liability insurance policy that you issued, which provides or may provide coverage for damages claimed by Plaintiff in the Subject Collison described in their Complaint, please produce Prime's First Report of Claim related to any cargo damages it incurred as a result of the Subject Collision.

**REQUEST NO. 4:**     For each liability insurance policy that you issued, which provides or may provide coverage for damages claimed by Plaintiff in the Subject Collison described in their Complaint, please produce Prime's First Report of Claim related to Plaintiff's injury and damage claims caused by the Subject Collision.

**REQUEST NO. 5:**     For each liability insurance policy that you issued, which provides or may provide coverage for damages claimed by Plaintiff in the Subject Collison described in their Complaint, please produce all documents, which purport to reserve to be reservation of rights letters and/or agreements regarding the extension liability insurance coverage for the Subject

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT PRIME PROPERTY & CASUALTY INSURANCE INC. – Page 4**

Collision and/or the payment of attorney's fees and litigation expenses related to the subject lawsuit.

**REQUEST NO. 6:**     All documents directly or indirectly provided to and received from Renegade Auto Transport regarding driver histories, criminal histories, claims histories, driver training, defensive driving, driver qualification, and/or your insurability of Renegade Auto Transport and/or any of its drivers.

**REQUEST NO. 7:**     All driver training resources that Prime provided or made available to Renegade Auto Transport directly or indirectly and/or to its drivers, directly or indirectly.

**REQUEST NO. 8:**     All documents evidencing any repair estimates for damages to any vehicle or cargo involved in the Subject Collision.

**REQUEST NO. 9:**     All photographs taken of any vehicle or cargo involved in the Subject Collision.

**REQUEST NO. 10:**     All statements obtained from any individual concerning the Subject Collision and/or any damages resulting from the Subject Collision.

**REQUEST NO. 11:**     All documents that explain what caused the Subject Collision.

**REQUEST NO. 12:**     All photographs, video, computer simulations, and any other documents depicting:

      a.      Any vehicle involved in the Subject Collision;

      b.      Any person involved in the Subject Collision;

      c.      The scene of the Subject Collision; and/or

      d.      Any evidence (roadway markings or other) relevant to the Subject Collision.

**REQUEST NO. 13:**     All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party, or any other entity whatsoever regarding any aspect of the Subject Collision, the damages resulting therefrom, or this lawsuit.

**REQUEST NO. 14:**     All documents and other materials which support any contention that the Subject Collision was the fault of anyone other than the Defendant driver Juan Carlos Mederos

a/k/a Juan Carlos Mederos Hortas ("Mederos").

**REQUEST NO. 15:**   All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 16:**   All documents and things that you contend evidence, prove, and/or support your claims on any issue of negligence or causation as to the Subject Collision, including, but not limited to, admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

## REQUEST FOR ADMISSIONS

**REQUEST NO. 1**     Prime is a proper party to this lawsuit.

**REQUEST NO. 2**     Prime was properly named in this case.

**REQUEST NO. 3**     Prime was properly and sufficiently served with process in this civil action.

**REQUEST NO. 4**     Venue is proper in this Court as to Prime.

**REQUEST NO. 5**     Jurisdiction is proper in this Court as to Prime.

**REQUEST NO. 6**     Renegade Auto Transport is a for-profit corporation with its principal place of business located in Florida.

**REQUEST NO. 7**     At all times material to this Complaint, the United States Department of Transportation's Federal Motor Carrier Safety Administration assigned Renegade Auto Transport with USDOT No. 2487461.

**REQUEST NO. 8**     Renegade Auto Transport is engaged in business as an interstate motor carrier transporting general freight for compensation and does business in Georgia, including in DeKalb County, Georgia.

**REQUEST NO. 9**     At the time of the Subject Complaint, Renegade Auto Transport had automobile liability coverage for any damages that were caused through the negligent operation of the commercial truck that Mederos was operating at the time of the Subject Collision.

**REQUEST NO. 10**    The liability coverage for the collision described in this Complaint is being provided to Renegade Auto Transport through a policy of insurance issued by Prime which provides coverage to Defendants for any damages, including bodily injury, that were caused through the negligent operation of the commercial truck that Mederos was operating at the time of the Subject Collision.

**REQUEST NO. 11**    Prime is subject to the jurisdiction of this Court and Plaintiff's claims for compensation for the negligence of its Co-Defendant insured Renegade Auto Transport pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140 and Georgia law because Prime was the insurer

providing liability coverage for the Defendant motor carrier at the time of the collision described in this Complaint.

**REQUEST NO. 12**    Prime may be served with summons and Complaint through its registered agent for service of process: Linda Banks at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4801.

**REQUEST NO. 13**    Prime does business and maintains an agent in DeKalb County, Georgia

**REQUEST NO. 14**    Venue in the above-styled civil action is proper as to Prime in this County and Court, because Prime maintains agents within DeKalb County, Georgia

**REQUEST NO. 15**    Prime agrees that Mederos's negligent operation of Renegade Auto Transportation's commercial truck was the sole cause of the collision described herein.

**REQUEST NO. 16**    Prime agrees that it should fairly compensate Plaintiff for all injuries and damages that were caused by the Subject Collision.

**REQUEST NO. 17**    At the time of the Subject Collision, Renegade Auto Transport was the owner of the commercial tractor involved in the Subject Collision.

**REQUEST NO. 18**    At the time of the Subject Collision, Renegade Auto Transport was the owner of the commercial trailer involved in the Subject Collision.

**REQUEST NO. 19**    Mederos was the driver of the commercial truck that collided with Plaintiff's vehicle.

**REQUEST NO. 20**    Mederos failed to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances.

**REQUEST NO. 21**     Mederos failed to keep an assured safe distance from Plaintiff's vehicle.

**REQUEST NO. 22**     Mederos failed to timely apply the brakes of his 18-wheeler.

**REQUEST NO. 23**     Mederos failed to control his speed.

**REQUEST NO. 24**     Mederos failed to maintain his lane of travel.

**REQUEST NO. 25**     Mederos failed to drive at a reasonable and prudent speed under the conditions.

**REQUEST NO. 26**     Mederos failed to keep a proper lookout for traffic.

**REQUEST NO. 27**     Mederos failed to make reasonable and proper observations while driving.

**REQUEST NO. 28**     Mederos failed to safely operate his commercial truck.

**REQUEST NO. 29**     Mederos failed to obey traffic laws.

**REQUEST NO. 30**     Mederos gave a recorded statement to his liability insurance carrier.

**REQUEST NO. 31**     Mederos had a mobile cellular device present inside his vehicle at the time of the Subject Collision.

**REQUEST NO. 32**     Mederos had more than one (1) mobile cellular device was present inside his vehicle at the time of the Subject Collision.

**REQUEST NO. 33**     Mederos was using at least one mobile cellular device in his vehicle at the time of the Subject Collision.

**REQUEST NO. 34**     Mederos was using more than one (1) mobile cellular device inside his vehicle at the time of the Subject Collision.

**REQUEST NO. 35**     Mederos was using a mobile cellular device at the moment of impact with Plaintiff's vehicle.

**REQUEST NO. 36**     Mederos was using a mobile cellular device as he approached Plaintiff's vehicle.

**REQUEST NO. 37**     While at the scene of the collision, Mederos conversed with at least one person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 38**     While at the scene of the collision, Mederos texted at least one person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 39**     While at the scene of the collision, Mederos had a cellular mobile device or a camera that he could have used to take pictures of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 40**     While at the scene of the collision, Mederos took at least one photograph of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 41**     While at the scene of the collision, Mederos took video recording(s) using a mobile cellular device of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 42**     While at the scene of the collision, Mederos took audio recording(s) of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 43**     No act of Plaintiff caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 44**     No failure to act by Plaintiff caused or contributed to the cause of Subject Collision.

**REQUEST NO. 45**     Plaintiff was an innocent victim in the Subject Collison.

**REQUEST NO. 46**     No act or failure to act on the part of any third party to this action caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 47**     No visual obstructions existed leading up to the collision that would have prevented Mederos from seeing Plaintiff's vehicle in the five hundred (500) feet prior to the Subject Collision.

**REQUEST NO. 48**     No visual obstructions existed leading up to the collision that would have prevented Mederos from seeing Plaintiff's vehicle in the seven hundred fifty (750) feet prior to the Subject Collision.

**REQUEST NO. 49**     No visual obstructions existed leading up to the rear-end collision that would have prevented Mederos from seeing Plaintiff's vehicle in the one thousand (1000) feet prior to the Subject Collision.

**REQUEST NO. 50**     Mederos is solely responsible for causing the Subject Collision.

        Dated this 10th day of March, 2022.

                                        WLG Atlanta, LLC

                                        _/s/ Ashley Pitts_
                                        Ashley Pitts
                                        Georgia State Bar Number 481759
                                        Adewale Odetunde
                                        Georgia State Bar Number 374418
                                        Attorneys for Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:    404-905-6020                      STATE COURT OF
Facsimile:    470-880-5095                       DEKALB COUNTY, GA.
E-Mail:       ashley.pitts@witheritelaw.com      3/10/2022 8:49 AM
                                                 E-FILED
                                                 BY: Monica Gay

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

ANGELINA JACOB;

       Plaintiff,

v.

RENEGADE AUTO TRANSPORT
CORP;
JUAN CARLOS MEDEROS a/k/a
JUAN CARLOS MEDEROS HORTAS; and
PRIME PROPERTY & CASUALTY
INSURANCE INC.;

       Defendants.

CIVIL ACTION
      22A00905
FILE NO. _____

---

### PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT RENEGADE AUTO TRANSPORT CORP

COMES NOW, PLAINTIFF ANGELINA JACOB ("Plaintiff"), by and through her counsel of record and pursuant to O.C.G.A. §§ 9-11-33, 9-11-34, and 9-11-36, hereby propounds the following Interrogatories, Request for Production of Documents, and Request for Admissions to Defendant Renegade Auto Transport Corp ("Renegade Auto Transport") for response under oath pursuant to Rule 33, Rule 34, and Rule 36 of the Georgia Civil Practice Act and as required by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting

PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT RENEGADE AUTO TRANSPORT CORP – Page 1

STATE COURT OF
DEKALB COUNTY, GA.
3/10/2022 8:49 AM
E-FILED
BY: Monica Gay

minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books,

orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts,

maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules,

circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data

sheets, work sheets, statistical compilations, data processing cards, microfilms, computer

records (including printouts, disks or other magnetic storage media), tapes, photographs

(positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and

voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of

such writing, etc. when such copy contains any commentary or notation whatsoever that does

not appear on the original and any attachments or exhibits to the requested document or any

other documents referred to in the requested document or incorporated by reference.

2.   "**Person**" means any natural person, corporation, partnership, proprietorship,

association, organization, group of persons, or any governmental body or subdivision thereof.

3.   (a)   "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**"

of any "**person**" means to provide the name, home address, telephone number, business name,

business address, and business telephone number of such person, and a description of each

such person's connection with the events in question.

(b)   "**Identify**" with respect to any "**document**" or any reference to stating the

"**identification**" of any "**document**" means to provide the title and date of each such document,

the name and address of the party or parties responsible for the preparation of each such

document, the name and address of the party who requested or required the preparation of the

document or on whose behalf it was prepared, the name and address of the recipient or

recipients of each such document, and the names and addresses of any and all persons who

have custody or control of each such document, or copies thereof.

4.   "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is

"showing some resemblance; related in appearance or nature; alike but not identical." As used

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS,
AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT RENEGADE AUTO TRANSPORT
CORP – Page 2**

here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

5.     The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

6.     Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

7.     With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

8.     "**Subject Collision**" means the collision described in the Complaint.

9.     "**Renegade Auto Transport**" means Defendant RENEGADE AUTO TRANSPORT CORP.

10.    "**You**", "**Your**", or "**Mederos**" means Defendant JUAN CARLOS MEDEROS a/k/a JUAN CARLOS MEDEROS HORTAS.

## INTERROGATORIES

**INTERROGATORY NO. 1**

If you contend that Plaintiff has sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

**INTERROGATORY NO. 2**

Identify each person Renegade Auto Transport expects to call as an expert witness at trial including in your response a summary of each opinion the expert holds in regards to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

### INSURANCE

**INTERROGATORY NO. 3**

For each liability insurance policy that you had in place at the time of the Subject Collision, state the name of insurer; the policy number; the limits of coverage; the name(s) of all insureds; and whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case. Please note that this interrogatory is requesting information relating to ALL insurance coverage including excess coverage.

### VEHICLE INFO/DATA

**INTERROGATORY NO. 4**

Please provide the weight of the tractor-trailer at the time of the Subject Collision.

**INTERROGATORY NO. 5**

a.      Identify all systems and devices in or on the tractor-trailer that have the capability of monitoring, capturing, recording and/or transmitting any video, data and/or communications of any kind (this includes, without limitation, any engine control module (ECM), event data recorder (EDR/CDR), airbag control module (ACM), Sensing

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT RENEGADE AUTO TRANSPORT CORP – Page 4**

Diagnostic Module (SDM), drive train or transmission control unit, brake control module, power steering unit, electronic onboard recorder (EOBR) Electronic Logging Device (ELD), Collision Avoidance System (CAS), Telematics system, Critical Event Reporting System, Lane Departure System, Dash Cam (or other video devices), GPS system, truck tracking system, system that allows communication between drivers and dispatchers, etc.);

b.      With respect to each system identified, explain what video, data and/or communications the system is capable of monitoring, capturing, recording, and/or transmitting;

c.      With respect to each system identified, explain what video, data and/or communications have been downloaded and/or preserved in connection with the Subject Collision and if so when and by whom; and

d.      With respect to each system identified, explain what video, data and/or communications have NOT been downloaded and/or preserved in connection with the Subject Collision and explain why not and whether it is still possible to obtain this material.

## <u>DRIVER INFORMATION</u>

## INTERROGATORY NO. 6

Explain the relationship between Renegade Auto Transport and Defendant Driver Juan Carlos Mederos a/k/a Juan Carlos Mederos Hortas ("Mederos") at the time of the Subject Collision including his employment status (e.g., leased driver, company driver, etc.), how he was compensated for driving (e.g., by the hour, by the load, by the mile, salary, or other) and when the relationship began and ended.

**INTERROGATORY NO. 7**

If you maintain that Mederos was not acting within the course and scope of his employment or agency at the time of the Subject Collision, explain the basis for your contention and identify documents and witnesses that support your contention.

**INTERROGATORY NO. 8**

Identify and explain all communications of any kind between Mederos and anyone acting for or on behalf of Renegade Auto Transport during the twenty-four (24) hours <u>before</u> and <u>after</u> the Subject Collision. For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

<u>REGULATIONS AND POLICIES</u>

**INTERROGATORY NO. 9**

Identify all Renegade Auto Transport policies, procedures, rules, guidelines, directives, manuals, handbooks, and instructions that were in effect for Mederos at the time of the Subject Collision.

**INTERROGATORY NO. 10**

Identify all Renegade Auto Transport policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions and training applicable to Mederos regarding driving, defensive driving, turning, intersections, driver distraction and use of cell phones.

<u>INVESTIGATION OF SUBJECT COLLISION</u>

**INTERROGATORY NO. 11**

Describe in detail when and how you first became aware that Mederos was involved in the Subject Collision including in your answer the identity of all persons involved in the investigation of the Subject Collision, their role and position and what information was conveyed.

**INTERROGATORY NO. 12**

State whether you maintain that either Plaintiff(s) or any non-party has any responsibility

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT RENEGADE AUTO TRANSPORT CORP – Page 6**

of any kind for causing the injuries and/or the damages alleged in the Complaint and provide a detailed description of the basis for your position, including the identity of all person(s) who have any knowledge regarding this issue and/or all documents evidencing your position.

**INTERROGATORY NO. 13**

Identify all persons who to your knowledge were present at the scene of the Subject Collision at any time in the forty-eight (48) hours after the Subject Collision and explain their role, why they were at the scene and what actions they took.

**INTERROGATORY NO. 14**

Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any claims or defenses raised in this action. The purpose of this Interrogatory is to identify all witnesses whom Renegade Auto Transport believes may have relevant testimony of any kind in connection with this case.

**INTERROGATORY NO. 15**

Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Collision and/or any person or vehicle involved in the Subject Collision.

**INTERROGATORY NO. 16**

Did Renegade Auto Transport make any effort to perform any accident review, any avoidable/non-avoidable accident determination, any root cause analysis, any DOT reportability determination, or any type of investigation or analysis to discover the cause(s) or contributing cause(s) of the Subject Collision and/or to evaluate whether your driver should be disciplined for any action or inactions related to the Subject Collision? If so, please identify all person(s) involved, all documents and information reviewed, and all determinations.

<u>**MISCELLANEOUS**</u>

**INTERROGATORY NO. 17**

  Identify each person who was involved in responding to each of the Requests for

Admissions served upon you in this civil action.

**INTERROGATORY NO. 18**

  For each of Plaintiff's First Request for Admissions to Defendant Renegade Auto

Transport Corp that you did not admit without qualification, explain in detail the reason for your

refusal to admit and identify all persons and documents that support your response.

## DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**     A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to Defendant Renegade Auto Transport Corp.

**REQUEST NO. 2:**     A copy of each document retention policy in effect for Renegade Auto Transport at any time between the time of the Subject Incident and present.

**REQUEST NO. 3:**     A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Incident.

**REQUEST NO. 4:**     Copies of all reservation of rights letters and/or agreements regarding insurance coverage for the Subject Incident.

**REQUEST NO. 5:**     Produce all documents you have obtained through requests for production to non-parties.

### DRIVER

**REQUEST NO. 6:**     All documents setting forth the relationship between Mederos and Renegade Auto Transport. This includes, but is not limited to, all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum, and the like.

**REQUEST NO. 7:**     The contents of Mederos' driver qualification file, driver investigation file, driver history file, and all documents that demonstrate compliance with federal and state driver qualification laws and regulations. The requested documents include, but are not limited to, all documents required by FMCSR, 49 CFR Part 391, and the state equivalent thereto. If any responsive documents have been removed from the driver qualification file, these should be produced nonetheless.

**REQUEST NO. 8:**     All documents of any kind that relate to any pre-employment background investigation of Mederos, including without limitation any investigation of Mederos' qualifications, character, driving history, training, criminal history, drug use, financial

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT RENEGADE AUTO TRANSPORT CORP – Page 9**

responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with Renegade Auto Transport. This specifically includes all data and information obtained through FMCSA's Pre-Employment Screening Program.

**REQUEST NO. 9:**     All documents that relate in any way to your recruiting of Mederos.

**REQUEST NO. 10:**    All documents that relate in any way to you hiring Mederos.

**REQUEST NO. 11:**    All documents that relate in any way to any orientation provided by Renegade Auto Transport to Mederos.

**REQUEST NO. 12:**    All documents that relate in any way to training of Mederos. This includes, but is not limited to, all documents that show all training received by Mederos, when, where, and who provided the training, and all materials used for training.

**REQUEST NO. 13:**    All quizzes, tests, and/or other assessments (questions and answers) ever given by or on behalf of Renegade Auto Transport to Mederos at any time. An answer key should also be provided.

**REQUEST NO. 14:**    Copies of all documents (a) explaining how Mederos was compensated for the one (1) month leading up to and including the date of the Subject Incident and extending one (1) week after the date of the Subject Incident; and (b) showing any detention of wages over the same time-period.

**REQUEST NO. 15:**    A copy of the front and back of every drivers' license issued to Mederos (regardless of name used) in your possession, custody, and/or control.

**REQUEST NO. 16:**    All documents placing you on notice of any violation by Mederos of any law, ordinance, or regulation. This includes, but is not limited to, reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings, and inspection reports.

**REQUEST NO. 17:**    All documents relating to any and all blood, urine, hair, or other type of drug or alcohol testing of Mederos in your possession, custody, and/or control.

**REQUEST NO. 18:**   A copy of all documents relating to any violation of any safety rule or principle by Mederos at any time.

**REQUEST NO. 19:**   All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Renegade Auto Transport directed to Mederos for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing Mederos in any way relating to the safe operation of a commercial vehicle. This includes, but is not limited to, all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**REQUEST NO. 20:**   A copy of all documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which Mederos has been involved.

**REQUEST NO. 21:**   Copies of all documents relating to any complaint, criticism, or concern raised by any person or entity regarding the driving performance and/or safety of Mederos. This should include, but is not limited to, customer complaints and call-ins by motorists either to company directly or to any service (i.e., How's My Driving? Call 800…).

**REQUEST NO. 22:**   For each communication device (e.g., cell phones, PDAs, smartphones, texting, and e-mailing devices, etc.) that was in the tractor that Mederos was operating at the time of the Subject Incident, produce all documents reflecting usage and billing for the time-period beginning forty-eight (48) hours before the Subject Incident and ending forty-eight (48) hours after the Subject Incident. This includes all devices, whether owned by Mederos or not, and whether it was in use at the time of the Subject Incident or not.

**REQUEST NO. 23:**   Copies of all documents prepared by Mederos that describes the Subject Incident or the circumstances leading up to the Subject Incident.

**REQUEST NO. 24:**   All documents evidencing any evaluation of the driving abilities, safety, and/or performance of Mederos that have not been produced in response to the preceding requests.

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT RENEGADE AUTO TRANSPORT CORP – Page 11**

**REQUEST NO. 25:**   A complete copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or addressing Mederos in any way, that has not been produced in response to other requests above.

**HOURS OF SERVICE-RELATED DOCUMENTS**

**REQUEST NO. 26:**   A copy of all Mederos' hours of service logs and any other driving logs and/or time sheets for the period beginning one-hundred-eighty (180) days before the Subject Incident and ending seven (7) days following the Subject Incident.

**REQUEST NO. 27:**   In addition to the documents responsive to the preceding request, produce all documents in your possession, custody, or control that demonstrate what Mederos was doing for the time-period beginning fourteen (14) days before the Subject Incident and ending two (2) days (2) following the Subject Incident. The requested documents include all documents that a motor carrier division officer might use to audit the logs of this driver, including, but not but are not limited to:

   a.      All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

   b.      All documents that could be used to check the accuracy of Hours-of-Service logs and/or time sheets;

   c.      All documents related to trips (including drivers' trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), drivers' trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT RENEGADE AUTO TRANSPORT CORP – Page 12**

kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

d.      All documents evidencing any and all stops; and

e.      All driver call in reports and any other documentation of any communications between you and Mederos.

**PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE.  THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

**REQUEST NO. 28:**    A copy of all audits and summaries of Mederos' hours of service covering the period beginning one (1) year prior to the Subject Incident and ending fourteen (14) days following the Subject Incident.

<u>VEHICLE INFORMATION</u>

**REQUEST NO. 29:**    For the tractor involved in the Subject Incident, produce the following documents:

a.      Title;

b.      Registration;

c.      Operators manual;

d.      Maintenance Schedules;

e.      All documents evidencing maintenance performed on the tractor at any time within 6 months before the Subject Incident;

f.      All documents evidencing any inspections of the tractor during the six (6) months before the Subject Incident;

g.      All documents evidencing any repairs and/or modifications to the tractor at any time within six (6) months before the Subject Incident;

h.      All documents evidencing any repairs made to the tractor as a result of the Subject Collision (including insurance submissions);

i.      All leases involving the vehicle;

j.      Documents evidencing the purchase of the vehicle;

k.      Documents evidencing the sale of the vehicle if it has been sold;

l.      Documents evidencing mileage and weight at time of the Subject Incident; and

m.      Copies of each and every logbook, ledger, file, or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 30:**    For the trailer involved in the Subject Incident, produce the following documents:

a.      Title;

b.      Registration;

c.      Operators manual;

d.      Maintenance and service manuals;

e.      All documents evidencing maintenance performed on the trailer at any time within six (6) months before the Subject Incident;

f.      All documents evidencing any inspections of the trailer during the six (6) months before the Subject Incident;

g.      All documents evidencing any repairs and/or modifications to the trailer at any time within six (6) months before the Subject Incident;

h.      All documents evidencing any repairs made to the trailer as a result of the Subject collision (including insurance submissions);

i.      All leases involving the vehicle;

j.      Documents evidencing the purchase of the vehicle;

k.     Documents evidencing the sale of the vehicle if it has been sold;

l.     Documents evidencing mileage and weight at time of the Subject Incident; and

m.     Copies of each and every logbook, ledger, file or the like maintained for any

reason regarding the vehicle.

**REQUEST NO. 31:**     If any data is available (whether or not downloaded or retrieved) from the

tractor or any part or system from the tractor (e.g., engine control module (ECM), event data

recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit,

power steering unit, airbag module, ABS or other brake system, or any EOBR), please produce

both the printout of the data and the data file in its original format. This request is intended to

cover data for as long as it was recorded before during and after the Subject Incident.

**REQUEST NO. 32:**     If any data is available (whether or not downloaded or retrieved) from the

trailer or any part or system from the trailer (e.g., event data recorder, ABS, or other brake

system, or any EOBR), please produce both the printout of the data and the data file in its

original format. This request is intended to cover data for as long as it was recorded before

during and after the Subject Incident.

**REQUEST NO. 33:**     If the tractor at issue was equipped with a lane departure warning system

or collision warning system (e.g., VORAD), please produce the printout of the downloaded data

and to the degree possible produce the data file in its original format.

**REQUEST NO. 34:**     Produce copies of all e-mails between Mederos and Renegade Auto

Transport for the time-period beginning ninety (90) days prior to the Subject Incident and

present.

**REQUEST NO. 35:**     Produce copies of all communications and transmissions between

Mederos and Renegade Auto Transport that were transmitted through any system on-board of

the tractor involved in the Subject Incident for the period beginning thirty (30) days before the

Subject Incident and ending seven (7) days after the Subject Incident. This includes any and all

satellite or cellular systems, regardless of manufacturer, and includes, without limitation, all

electronic on-board recorders (EOBRs) and  system such as those made available by Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet, and other transportation service and product providers.

**REQUEST NO. 36:**   If the tractor was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

**REQUEST NO. 37:**   To the degree that it has not been produced in response to other requests above, produce all data of any kind that was recovered from the tractor and/or anything inside or connected to any part or system of the tractor that were involved in the Subject Incident.

**REQUEST NO. 38:**   A copy of each out of service report or violation concerning the tractor involved in the Subject Incident from the period beginning one (1) year prior to the Subject Incident through present. This request includes any supplements, responses, amendments, and dispositions regarding any violation.

**REQUEST NO. 39:**   Produce all documents evidencing damage to any vehicle or other property as a result of the Subject Incident, including, but not limited to, repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the Subject Incident.

**REQUEST NO. 40:**   Produce all documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

**REQUEST NO. 41:**   For the tractor involved in the Subject Incident, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning six (6) months before the Subject Incident and ending one (1) week after the Subject Incident.

**REQUEST NO. 42:**   Produce all pre-trip inspection reports for the trip in question and three (3) months prior to the date of the Subject Incident for the tractor.

## LOAD

**REQUEST NO. 43:**   All documents that relate to the load being hauled by Mederos at the time of the Subject Incident, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

## SUBJECT INCIDENT

**REQUEST NO. 44:**   A copy of every document related to any investigation done by or on behalf of Renegade Auto Transport of the scene of the Subject Incident.

**REQUEST NO. 45:**   All documents authored by anyone working for or on behalf of Renegade Auto Transport that set forth any facts relating to the Subject Incident.

**REQUEST NO. 46:**   All documents that explain what caused the Subject Incident.

**REQUEST NO. 47:**   All documents assessing preventability of and/or fault for the Subject Incident.

**REQUEST NO. 48:**   If the scene of the Subject Incident was mapped (with a total station or other survey equipment) within fourteen (14) days of the Subject Incident, please produce a copy of the survey data files and all diagrams produced therefrom.

**REQUEST NO. 49:**   Copies of all photographs, video, computer simulations, and any other documents depicting:

        a.      Any vehicle involved in the Subject Incident;

        b.      Any person involved in the Subject Incident;

        c.      The scene of the Subject Incident; and/or

        d.      Any evidence (roadway markings or other) relevant to the Subject Incident.

**REQUEST NO. 50:**   Copies of all reports (you know what this means and it is not vague) relating to the Subject Incident including those prepared by Mederos and those prepared by anyone working for or on behalf of Renegade Auto Transport (except lawyers).

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT RENEGADE AUTO TRANSPORT CORP – Page 17**

**REQUEST NO. 51:**   A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Incident.

**REQUEST NO. 52:**   All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation, and/or damages in this case.

**REQUEST NO. 53:**   If an Accident Review Board or similar entity reviewed the Subject Incident, produce the following:

      a.      A copy of all documents (as defined) and other materials of any kind reviewed by said board or entity;

      b.      A copy of all reports and documents (as defined) of any kind generated by said board or entity;

      c.      Documents evidencing who was on the board;

      d.      Documents evidencing all criteria for review; and

      e.      Determination of preventability and all other conclusions reached by said board or entity.

### GOVERNMENTAL CONTACT AND INTERVENTION

**REQUEST NO. 54:**   Copies of all documents sent to or received from any governmental agency regarding the Subject Incident, the driver involved in the Subject Incident, or any subject that is part of the basis of this lawsuit.

**REQUEST NO. 55:**   Copy of all documents and communications of any kind related to any CSA Intervention against your company in the past two (2) years.

### POLICY AND PROCEDURES

**REQUEST NO. 56:**   Copies of all Renegade Auto Transport policies, procedures, rules, guidelines, directives, manuals, handbooks, and instructions that were in effect at the time of the Subject Incident, relating to:

a.      Working for or with trucking company generally (e.g., employee manual or handbook);

b.      Operation of any motor vehicle (e.g., driving manuals or handbooks, and the like);

c.      Operation of a commercial vehicle;

d.      Driving safety;

e.      Defensive driving;

f.      Compliance with federal and state laws and regulations;

g.      Accident investigation;

h.      Accident review boards;

i.      Determination of preventability of accidents;

j.      Hiring, training and supervising drivers; and

k.      Disciplinary actions.

**REQUEST NO. 57:**   Copies of each document that Mederos signed to prove that Mederos received and/or agreed to be bound by any policies, procedures, rules, guidelines, and/or standards of Renegade Auto Transport.

**REQUEST NO. 58:**   To the degree that Renegade Auto Transport has any rules, policies, procedures, guidelines, driving manuals, employee handbooks, or manuals, or other similar documents that were not provided to Mederos before the Subject Incident, please produce them now.

**REQUEST NO. 59:**   A complete copy of, or in the alternative, access to, each driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, and driver diagnostic record or test maintained by your company, or used by Renegade Auto Transport, its personnel, agents, or employees during the year of the Subject Incident and three (3) years prior.

**REQUEST NO. 60:**    Copies of all industry and/or other guidelines and/or practices that you rely upon to support your contentions in this case.

### TRUCKING COMPANY

**REQUEST NO. 61:**    A copy of documents showing the hierarchy of managerial positions at Renegade Auto Transport and who occupied such positions as of the time of the Subject Incident and presently.

**REQUEST NO. 62:**    A copy of each document (including articles and presentations) prepared and/or presented by any Renegade Auto Transport representative relating to the safe operation of a commercial motor vehicle and/or the safe operation of a trucking company in the past five (5) years.

**REQUEST NO. 63:**    All company newsletters distributed during the time-period beginning two (2) years before the Subject Incident and present.

**REQUEST NO. 64:**    A copy of all lease and trip lease contracts applicable to Mederos and/or any vehicle involved in the Subject Incident.

**REQUEST NO. 65:**    Copies of any contract under which your company was operating the tractor in question at the time of the Subject Incident.

**REQUEST NO. 66:**    A copy of Renegade Auto Transport's accident register maintained as required by 49 CFR § 390.35.

**REQUEST NO. 67:**    Transcripts or recordings of all depositions of corporate designees for Renegade Auto Transport given in the past five (5) years in cases where it was alleged that a driver working for Renegade Auto Transport caused injury or death to another person.

**REQUEST NO. 68:**    Copies of all documents putting any third party on notice of a claim arising from the Subject Incident.

**REQUEST NO. 69:**    All correspondence and other communication of any kind between you and any other Defendant to this Action.

**MISCELLANEOUS**

**REQUEST NO. 70:**   With respect to each expert witness who may provide testimony at the trial of this case, provide:

      a.     A copy of all documents (as that term is defined above) and items of any kind produced **to** said expert;

      b.     A copy of all documents (as that term is defined above) and items of any kind generated or produced **by** said expert;

      c.     A copy of the entire file of said expert;

      d.     A current résumé or curriculum vitae for said expert; and

      e.     All billing records and work logs for said expert.

**REQUEST NO. 71:**   A copy of any and all documents and other materials which support any contention that the Subject Incident was the fault of anyone other than the Defendants.

**REQUEST NO. 72:**   Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 73:**   Produce each document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Incident, including, but not limited to, admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**REQUEST NO. 74:**   Produce each document or thing that you contend evidences or supports your denial of any of Plaintiff's Requests for Admissions.

**REQUEST NO. 75:**   If any surveillance has been undertaken by or on behalf of Renegade Auto Transport, produce a copy of all reports, photographs, video, and anything else generated through that investigation.

<u>**REQUEST FOR ADMISSIONS**</u>

**REQUEST NO. 1**      At the time of the Subject Collision, Renegade Auto Transport was the owner of a tractor involved in the Subject Collision.

**REQUEST NO. 2**      At the time of the Subject Collision, Renegade Auto Transport was the owner of a trailer involved in the Subject Collision.

**REQUEST NO. 3**      The DOT number for the tractor-trailer that was involved in the Subject Collision was 2487461.

**REQUEST NO. 4**      The MC-ICC number for the tractor-trailer that was involved in the Subject Collision was MC-866169.

**REQUEST NO. 5**      The VIN for the tractor-trailer that was involved in the Subject Collision was 1NPWD49X4CD155209.

**REQUEST NO. 6**      DOT number 2487461 that was assigned to Renegade Auto Transport is no longer authorized.

**REQUEST NO. 7**      At the time of the collision described in this Complaint, Renegade Auto Transport was not authorized as a for-hire interstate motor carrier.

**REQUEST NO. 8**      At the time of the collision described in this Complaint, Renegade Auto Transport was not an authorized for-hire interstate motor carrier and continues to operate as an unauthorized for-hire interstate motor carrier.

**REQUEST NO. 9**      At the time of the Subject Collision, Mederos was an agent of Renegade Auto Transport.

**REQUEST NO. 10**      At the time of the Subject Collision, Mederos was an employee of Renegade Auto Transport.

**REQUEST NO. 11**      At the time of the Subject Collision, Mederos was acting within the course and scope of his employment with Renegade Auto Transport.

**REQUEST NO. 12**      At the time of the Subject Collision, Mederos was acting within the course and scope of his agency with Renegade Auto Transport.

**REQUEST NO. 13**      At the time of the Subject Collision, Mederos was operating the tractor-trailer owned by Renegade Auto Transport.

**REQUEST NO. 14**      At the time of the Subject Collision, Mederos was operating the tractor-trailer with the permission of Renegade Auto Transport.

**REQUEST NO. 15**      At the time of the Subject Collision, Mederos was operating the tractor-trailer with the knowledge of Renegade Auto Transport.

**REQUEST NO. 16**      At the time of the Subject Collision, Mederos was operating the tractor-trailer as trained by Renegade Auto Transport.

**REQUEST NO. 17**      Renegade Auto Transport is properly named in the Complaint.

**REQUEST NO. 18**      Venue is proper in this Court.

**REQUEST NO. 19**      Jurisdiction is proper in this Court.

**REQUEST NO. 20**      Service of process upon Renegade Auto Transport in this civil action was proper.

**REQUEST NO. 21**      Service of process upon Renegade Auto Transport in this civil action was legally sufficient.

**REQUEST NO. 22**      You are not asserting the defense of insufficiency of service of process.

**REQUEST NO. 23**      You are not asserting the defense of improper service of process.

**REQUEST NO. 24**      Mederos was the driver of Renegade Auto Transport's tractor-trailer that collided with Plaintiff's vehicle.

**REQUEST NO. 25**      Mederos failed to maintain his lane of travel.

**REQUEST NO. 26**      Mederos failed to maintain proper control of his tractor-trailer at the time of the Subject Collision.

**REQUEST NO. 27**      At the time of the Subject Collision, Mederos failed to keep and maintain a proper look out for traffic.

**REQUEST NO. 28**      Mederos was not paying attention to traffic like he should have been.

**REQUEST NO. 29**     Mederos gave a recorded statement to one (1) or more insurance companies that provided liability coverage for the truck that Mederos was driving at the time of the Subject Collision.

**REQUEST NO. 30**     Mederos had a mobile cellular device present inside his tractor-trailer at the time of the Subject Collision.

**REQUEST NO. 31**     Mederos had more than one (1) mobile cellular device was present inside his tractor-trailer at the time of the Subject Collision.

**REQUEST NO. 32**     Mederos was using at least one (1) mobile cellular device in his tractor-trailer at the time of the Subject Collision.

**REQUEST NO. 33**     Mederos was using more than one (1) mobile cellular device inside his tractor-trailer at the time of the Subject Collision.

**REQUEST NO. 34**     Mederos was using a mobile cellular device at the moment of impact with Plaintiffs' vehicle.

**REQUEST NO. 35**     While at the scene of the collision, Mederos conversed with at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 36**     While at the scene of the collision, Mederos texted at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 37**     While at the scene of the collision, Mederos had a cellular mobile device or a camera that he could have used to take pictures of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 38**     While at the scene of the collision, Mederos took at least one (1) photograph of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 39**     While at the scene of the collision, Mederos took video recording(s) using a mobile cellular device of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 40**     While at the scene of the collision, Mederos took audio recording(s) of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 41**     No improper act of the Plaintiff caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 42**     No failure to act by Plaintiff caused or contributed to the cause of Subject Collision.

**REQUEST NO. 43**     No improper act or failure to act on the part of any third party to this action caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 44**     Mederos' neglect acts and/or omissions were the sole cause of the Subject Collision.

**REQUEST NO. 45**     Mederos' neglect acts and/or omissions were a contributing cause of the Subject Collision.

**REQUEST NO. 46**     No visual obstructions existed leading up to the Subject Collision that would have prevented Mederos from seeing Plaintiff's vehicle in the one hundred (100) feet prior to the Subject Collision.

**REQUEST NO. 47**     No visual obstructions existed leading up to the Subject Collision that would have prevented Mederos from seeing Plaintiff's vehicle in the two hundred fifty (250) feet prior to the Subject Collision.

**REQUEST NO. 48**     No visual obstructions existed leading up to the Subject Collision that would have prevented Mederos from seeing Plaintiff's vehicle in the five hundred (500) feet prior to the Subject Collision.

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT RENEGADE AUTO TRANSPORT CORP – Page 25**

**REQUEST NO. 49**     No visual obstructions existed leading up to the Subject Collision that would have prevented Mederos from seeing Plaintiff's vehicle in the seven hundred fifty (750) feet prior to the Subject Collision.

**REQUEST NO. 50**     No visual obstructions existed leading up to the Subject Collision that would have prevented Mederos from seeing Plaintiff's vehicle in the one thousand (1000) feet prior to the Subject Collision.

**REQUEST NO. 51**     The person answering these questions has authority from Renegade Auto Transport to do so.

**REQUEST NO. 52**     Renegade Auto Transport had a definition of "preventable accident" at the time of the Subject Collision.

**REQUEST NO. 53**     Renegade Auto Transport determined that the Subject Collision was preventable according to its definition of preventable accident.

   Dated this 10th day of March, 2022.

   WLG Atlanta, LLC


   */s/ Ashley Pitts*
   Ashley Pitts
   Georgia State Bar Number 481759
   Adewale Odetunde
   Georgia State Bar Number 374418
   Attorneys for Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:     404-905-6020
Facsimile:     470-880-5095
E-Mail:     ashley.pitts@witheritelaw.com

STATE COURT OF
DEKALB COUNTY, GA.
3/10/2022 8:49 AM
E-FILED
BY: Monica Gay

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT RENEGADE AUTO TRANSPORT CORP – Page 26**

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

ANGELINA JACOB;

        Plaintiff,

v.

RENEGADE AUTO TRANSPORT
CORP;
JUAN CARLOS MEDEROS a/k/a
JUAN CARLOS MEDEROS HORTAS; and
PRIME PROPERTY & CASUALTY
INSURANCE INC.;

        Defendants.

CIVIL ACTION
      22A00905
FILE NO. _____

## **NOTICE OF COMPLAINT UNDER GEORGIA UNINSURED MOTORISTS ACT**

    Plaintiff files this Notice of Complaint Under the Georgia Uninsured Motorists Act and respectfully shows:

1.

    The Defendants in this action is uninsured or underinsured and summons should be issued to the Uninsured/Underinsured Motorist Carrier GEICO General Insurance Company by duplicate and original. The registered agent for GEICO General Insurance Company is CT Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

    WHEREFORE, Plaintiff prays that this Notice be filed and that GEICO General Insurance Company be served with process as the law provides.

    Dated this 10th day of March, 2022.

                WLG Atlanta, LLC

                */s/ Ashley Pitts*
                Ashley Pitts
                Georgia State Bar Number 481759
                Adewale Odetunde
                Georgia State Bar Number 374418

Attorneys for Plaintiff

WLG Atlanta, LLC
Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:      404-905-6020
Facsimile:      470-880-5095
E-Mail:          ashley.pitts@witheritelaw.com

STATE COURT OF
DEKALB COUNTY, GA.
3/10/2022 8:49 AM
E-FILED
BY: Monica Gay

## AFFIDAVIT OF SERVICE

| Case: 22A00905 | Court: Dekalb County State Court, State of Georgia | County: DeKalb, GA | Job: 6796266 |
|---|---|---|---|
| Plaintiff / Petitioner: Angelina Jacob | | Defendant / Respondent: Renegade Auto Transport Corp; Juan Carlos Mederos A/K/A Juan Carlos Mederos Hortas; And Prime Property & Casualty Insurance Inc | |
| Received by: CGA Solutions | | For: Witherite Law Group, LLC | |
| To be served upon: Geico General Insurance Company c/o CT Corporation System, Registered Agent | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Linda Banks, CT Corporation System: 289 S Culver St, Lawrenceville, GA 30046-4805
**Manner of Service:** Registered Agent, Mar 11, 2022, 8:33 am EST
**Documents:** Summons, and Notice of Complaint Under Georgia Uninsured Motorists Act (Received Mar 10, 2022 at 11:04am EST)

**Additional Comments:**
1) Successful Attempt: Mar 11, 2022, 8:33 am EST at CT Corporation System: 289 S Culver St, Lawrenceville, GA 30046-4805 received by Linda Banks.
,Agent designated by CT Corporation to accept service

Thomas David Gibbs III            Date 3/14/22

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public
Date 3/14/22            Commission Expires 12/27/2024

AMY MERAZ
NOTARY PUBLIC
DEKALB COUNTY, GEORGIA

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA



RE:    Permanent Process Servers

### STANDING ORDER

Pursuant to O.C.G.A. § 9-11-4 (c), this Court provides herein that any person who has completed the application process for appointment as a permanent process server in the Superior Court of DeKalb County for 2022, and has been appointed as a permanent process server in said Court for 2022, shall be deemed to be appointed as a permanent process sever in the State Court of DeKalb County.  Permanent process servers wishing to rely upon this order shall be required to attach a copy of their Superior Court order of appointment to any affidavit of service that is required to be filed with the Court.  All appointments arising pursuant to this order shall be effective until midnight, December 31, 2022.

SO ORDERED THIS _6_ day of December 2021.

Wayne M Purdom
Wayne M. Purdom, Chief Judge
State Court of DeKalb County

FILED IN THIS OFFICE
THIS 10th DAY OF December 20 21

Antoene N. Sitt
Clerk, State Court, DeKalb County

FILED 1/3/2022 4:02 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

IN RE:

MOTION FOR APPOINTMENT AS        :     CIVIL ACTION FILE NUMBER:
PERMANENT PROCESS SERVER      :
                                      :        22MPR1005
                                      :

PURSUANT TO O.C.G.A. §9-11-4(c)

## ORDER APPOINTING PERMANENT PROCESS SERVER
## FOR CALENDAR YEAR 2022

The foregoing motion having been read and considered, it is HEREBY ORDERED that the following individual(s) is/are appointed as a permanent process server pursuant to O.C.G.A. §9-11-4(c):

**Sherry Boateng**
**Rochelle Earthrise**
**Thomas David Gibbs III**

This appointment shall be effective until midnight December 31, 2022.

**IT IS SO ORDERED this 10TH of DECEMBER 2021.**

Honorable Asha F. Jackson
Chief and Administrative Judge
Superior Court of DeKalb County
Stone Mountain Judicial Circuit

STATE COURT OF
DEKALB COUNTY, GA.
3/14/2022 4:39 PM
E-FILED
BY: Mundy Jackson

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

ANGELINA JACOB;

      Plaintiff,

v.

RENEGADE AUTO TRANSPORT
CORP;
JUAN CARLOS MEDEROS a/k/a
JUAN CARLOS MEDEROS HORTAS; and
PRIME PROPERTY & CASUALTY
INSURANCE INC.;

      Defendants.

CIVIL ACTION

FILE NO. 22A00905

---

## PLAINTIFF'S MOTION TO SPECIALLY APPOINT PROCESS SERVER

COMES NOW PLAINTIFF ANGELINA JACOB, in the above-styled action, and respectfully requests this Court to specially appoint Jorge Estarellas as Server to serve Process upon Defendants RENEGADE AUTO TRANSPORT CORP and JUAN CARLOS MEDEROS a/k/a JUAN CARLOS MEDEROS HORTAS. In support of her motion, Plaintiff represents the following statements of law and facts:

1.

The above-named Defendants cannot be served at their addresses by normal means in that service must be perfected within a reasonable time after the filing of the case. Plaintiff will suffer irreparable harm should service not be perfected.

2.

In accordance with O.C.G.A. § 9-11-4(c), service by the independent process server is permissible and appropriate "... by any citizen of the United States specially appointed by the Court for that purpose".

3.

Jorge Estarellas is a disinterested person within the meaning of the law and is a citizen of the United States.

WHEREFORE, Plaintiff Angelina Jacob requests:

(a)    That Jorge Estarellas be specially appointed to serve process upon Defendants Renegade Auto Transport Corp and Juan Carlos Mederos a/k/a Juan Carlos Mederos Hortas in this action.

Respectfully submitted, this 14th day of March, 2022.

WLG Atlanta, LLC

*/s/ Ashley Pitts*
Ashley Pitts
Georgia State Bar Number 481759
Adewale Odetunde
Georgia State Bar Number 374418
Attorneys for Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:    404-905-6020
Facsimile:    470-880-5095
E-Mail:    ashley.pitts@witheritelaw.com

STATE COURT OF
DEKALB COUNTY, GA.
3/14/2022 12:49 PM
E-FILED
BY: Mundy Jackson

**PLAINTIFF'S MOTION TO SPECIALLY APPOINT PROCESS SERVER – Page 2**

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

ANGELINA JACOB,

PLAINTIFF,

V.

RENEGADE AUTO TRANSPORT CORP; PRIME
PROPERTY & CASUALTY INSURANCE INC.;
AND JUAN CARLOS MEDEROS,

DEFENDANTS.

CIVIL ACTION
FILE NO. 22A00905-4

### ORDER

This matter is before the Court on *Plaintiff's Motion to Specially Appoint Process Server*, filed on March 14, 2022.  The Court has reviewed the record.

Plaintiff seeks an order appointing Jorge Estrellas to serve Defendants.  No evidence has been submitter showing whether Jorge Estarellas is a disinterested person of appropriate age to make service of process pursuant to O.C.G.A. § 9-11-4 (c).  Accordingly,

IT IS HEREBY ORDERED that *Plaintiff's Motion to Specially Appoint Process Server* is **DENIED with leave to renew**.

**SO ORDERED**, this ___21st___ day of March, 2022.

_Johnny Panos_
_____
JOHNNY V. PANOS, JUDGE
STATE COURT OF DEKALB COUNTY

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

ANGELINA JACOB,

PLAINTIFF,

V.

RENEGADE AUTO TRANSPORT CORP; PRIME
PROPERTY & CASUALTY INSURANCE INC.;
AND JUAN CARLOS MEDEROS,

DEFENDANTS.

CIVIL ACTION
FILE NO. 22A00905-4

### ORDER

This matter is before the Court on *Plaintiff's Motion to Specially Appoint Process Server*,
filed on March 14, 2022.  The Court has reviewed the record.

Plaintiff seeks an order appointing Jorge Estrellas to serve Defendants.  No evidence has
been submitter showing whether Jorge Estarellas is a disinterested person of appropriate age to
make service of process pursuant to O.C.G.A. § 9-11-4 (c).  Accordingly,

IT IS HEREBY ORDERED that *Plaintiff's Motion to Specially Appoint Process Server* is
**DENIED with leave to renew**.

**SO ORDERED**, this ___21st___ day of March, 2022.

*Johnny Panos*
_____
JOHNNY V. PANOS, JUDGE
STATE COURT OF DEKALB COUNTY

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

ANGELINA JACOB;

      Plaintiff,

v.

RENEGADE AUTO TRANSPORT
CORP;
JUAN CARLOS MEDEROS a/k/a
JUAN CARLOS MEDEROS HORTAS; and
PRIME PROPERTY & CASUALTY
INSURANCE INC.;

      Defendants.

CIVIL ACTION

FILE NO. 22A00905

## PLAINTIFF'S MOTION TO SPECIALLY APPOINT PROCESS SERVER

COMES NOW PLAINTIFF ANGELINA JACOB, in the above-styled action, and respectfully requests this Court to specially appoint Jorge Estarellas as Server to serve Process upon Defendants RENEGADE AUTO TRANSPORT CORP and JUAN CARLOS MEDEROS a/k/a JUAN CARLOS MEDEROS HORTAS. In support of her motion, Plaintiff represents the following statements of law and facts:

1.

The above-named Defendants cannot be served at their addresses by normal means in that service must be perfected within a reasonable time after the filing of the case. Plaintiff will suffer irreparable harm should service not be perfected.

2.

In accordance with O.C.G.A. § 9-11-4(c), service by the independent process server is permissible and appropriate "... by any citizen of the United States specially appointed by the Court for that purpose".

3.

Jorge Estarellas is a disinterested person within the meaning of the law and is a citizen of the United States. Jorge Estarellas' Affidavit of Process Server is attached hereto and made a part hereof.

WHEREFORE, Plaintiff Angelina Jacob requests:

(a)     That Jorge Estarellas be specially appointed to serve process upon Defendants Renegade Auto Transport Corp and Juan Carlos Mederos a/k/a Juan Carlos Mederos Hortas in this action.

Respectfully submitted, this 25th day of March, 2022.

WLG Atlanta, LLC

*/s/ Ashley Pitts*
Ashley Pitts
Georgia State Bar Number 481759
Adewale Odetunde
Georgia State Bar Number 374418
Attorneys for Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:     404-905-6020
Facsimile:     470-880-5095
E-Mail:         ashley.pitts@witheritelaw.com

STATE COURT OF
DEKALB COUNTY, GA.
3/25/2022 9:41 AM
E-FILED
BY: Mundy Jackson

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

ANGELINA JACOB;

    Plaintiff,

v.

RENEGADE AUTO TRANSPORT
CORP;
JUAN CARLOS MEDEROS a/k/a
JUAN CARLOS MEDEROS HORTAS; and
PRIME PROPERTY & CASUALTY
INSURANCE INC.;

    Defendants.

CIVIL ACTION

FILE NO. 22A00905

## AFFIDAVIT OF SPECIAL PROCESS SERVER

Personally appeared before the undersigned officer duly authorized to administer oaths in the State of Florida, Miami-Dade County, who having been duly sworn, deposes, and states as follows:

I am Jorge Estarellas. I am over eighteen (18) years of age and a citizen of the United States. I am not a convicted felon.

I am a non-party to this action and I am not related by employment or otherwise to Plaintiff, Plaintiff's attorneys, or Defendants in the above styled case.

AFFIANT FURTHER SAYETH NOT.

_____
AFFIANT

Sworn to and subscribed

Before me this 24th day

of March, 2022, 2020

_____ Scott J Berg

Notary Public State of Florida
Scott J Berg
My Commission GG 213714
Expires 05/17/2022

STATE COURT OF
DEKALB COUNTY, GA.
3/25/2022 9:41 AM
E-FILED
BY: Mundy Jackson

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

ANGELINA JACOB,                          )
                                         )
                    Plaintiff(s),        )
                                         )
v.                                       )
                                         )
 RENEGADE AUTO TRANSPORT                 )     CIVIL ACTION FILE
CORP; JUAN CARLOS MEDEROS a/k/a          )     NO. 22A00905
JUAN CARLOS MEDEROS HORTAS;              )
and PRIME PROPERTY & CASUALTY
INSURANCE INC.,

                    Defendant(s).

## ANSWER AND CROSS-CLAIM OF GEICO GENERAL INSURANCE COMPANY

COMES NOW GEICO General Insurance Company (hereinafter referred to as "GEICO"), upon whom a copy of Plaintiff's Complaint has been served, purportedly pursuant to O.C.G.A. § 33-7-11, by and through undersigned counsel, and without submitting to the jurisdiction of this honorable Court and without waiving any of its rights, but expressly reserving such rights, including, but not limited to, its right to later elect to defend this case in the name of the individual Defendant, files this Answer and Cross-Claim as follows:

## FIRST DEFENSE

GEICO has been served with a copy of the Complaint in this case, apparently upon the theory that Defendant was either an uninsured motorist or an underinsured motorist at the time of the collision in question.  GEICO shows that it is without knowledge or information sufficient to form a belief as to whether Defendant was either an uninsured motorist or an underinsured motorist under the purview of the Georgia Statute referred to above.  Accordingly, GEICO can neither

admit nor deny whether the Defendant was either uninsured or underinsured at the time of the incident in question.

## SECOND DEFENSE

Pursuant to Georgia law, GEICO asserts and adopts by reference all defenses, affirmative or otherwise, provided for in *O.C.G.A. 9-11-8*, *O.C.G.A. 9-11-12, Title 51 of the Georgia Code*, and all others, which have or could be raised by the Defendant, including, but not limited to, the defenses of lack of jurisdiction, improper venue, insufficiency of service of process, insufficiency of process, failure to state a claim, failure to join a party, accord and satisfaction, settlement, payment, release, waiver, comparative negligence, contributory negligence, failure to mitigate, sudden emergency, act of God, assumption of risk, avoidance, res judicata, laches, and statute of limitation.

## THIRD DEFENSE

Pursuant to Georgia law, GEICO asserts all defenses, affirmative or otherwise, provided for in *O.C.G.A. 9-11-8*, *O.C.G.A. 9-11-12, Title 51 of the Georgia Code*, and all others, including, but not limited to, the defenses of lack of subject matter jurisdiction, lack of jurisdiction over the person, improper venue, insufficiency of service of process, insufficiency of process, failure to state a claim upon which relief may be granted, failure to join a party, accord and satisfaction, settlement, payment, release, estoppel, failure of consideration, fraud, illegality, res judicata, waiver, comparative negligence, contributory negligence, failure to mitigate, sudden emergency, act of God, assumption of risk, avoidance, laches, and statute of limitation.

## FOURTH DEFENSE

No coverage exists under any contract for insurance with GEICO for punitive damages.

## FIFTH DEFENSE

GEICO is entitled to a set-off against any verdict that may be returned in favor of Plaintiff for all other monies paid or payable by GEICO, by any provider of liability insurance coverage to Defendant(s), by any provider of worker compensation coverage to Plaintiff, and by any other provider as specified under O.C.G.A. 33-7-11 or any contract for insurance with GEICO.

## SIXTH DEFENSE

The named Defendant is not an uninsured or underinsured motorist as those terms are defined by applicable statutory language, case law, or contractual language.

## SEVENTH DEFENSE

GEICO asserts that in the event it is shown Defendant was not an uninsured or underinsured motorist at the time of the accident so as to invoke the provisions of any insurance policy issued by GEICO or to invoke any provisions of any Georgia Statute with regard to same, then GEICO will not be liable to Plaintiffs.

## EIGHTH DEFENSE

Plaintiff can make no recovery from GEICO until lawful venue, jurisdiction and a valid judgment have been established against an "uninsured motorist" as defined by O.C.G.A. § 33-7-11.

## NINTH DEFENSE

GEICO further asserts that it may be the secondary uninsured/underinsured motorist carrier under Georgia Law and that the primary carrier is liable up to the full extent of its policy limits prior to GEICO, as the secondary uninsured/underinsured motorist carrier, having any obligation to make payment on any judgment for Plaintiffs.  Georgia Farm Bureau Mut. Ins. Co. v. State Farm Mut. Auto

Ins. Co., 255 Ga. 166 (1985); Travelers Indemnity Co. v. Maryland Casualty Co., 190 Ga. App. 455 (1989).

## TENTH DEFENSE

GEICO reserves its election as to whether to continue to proceed and defend in its own name or that of the named defendant, pursuant to O.C.G.A. § 33-7-11.

## ELEVENTH DEFENSE

Further answering the allegations of Plaintiff's Complaint, GEICO shows:

1.

For lack of specific information upon which to base a belief as to the truth of any of the specific allegations of the Complaint, GEICO can neither admit nor deny any of the allegations numbered 1 through 70 of the Complaint.

2.

All allegations not hereinbefore admitted, controverted, or specifically denied are hereby denied.

## CROSS-CLAIM

In the event that Defendant is an uninsured motorist or an underinsured motorist as contemplated by Georgia law, and in the event that judgment is entered against Defendant and GEICO is therefore called upon to pay sums of money to Plaintiff pursuant to this alleged uninsured motorist coverage, then GEICO demands judgment against Defendant for such sums of money that it is required to pay pursuant to the laws of the State of Georgia.

**WHEREFORE**, having answered the allegations of Plaintiff's Complaint, GEICO prays

that it be dismissed with its costs, and that the Plaintiff take nothing.

Respectfully submitted,

**Law Office of Andrews and Manganiello**

_/S/   S.   Megan   McClinton_____
S. Megan McClinton, Esq.
Georgia Bar No. 482904
Attorney for GEICO

100 Crescent Centre Parkway, Suite 950,

 Tucker, Georgia 30084
 404.233.1222
Smcclinton@geico.com

STATE COURT OF
DEKALB COUNTY, GA.
3/29/2022 5:30 PM
E-FILED
BY: Mundy Jackson

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

ANGELINA JACOB,                        )
                                       )
              Plaintiff(s),            )
                                       )
v.                                     )
                                       )
 RENEGADE AUTO TRANSPORT CORP;         )     CIVIL ACTION FILE
JUAN CARLOS MEDEROS a/k/a JUAN         )     NO. 22A00905
CARLOS MEDEROS HORTAS; and             )
PRIME PROPERTY & CASUALTY
INSURANCE INC.,

              Defendant(s).

## CERTIFICATE OF SERVICE

This is to certify that I have this date served the within and foregoing **ANSWER OF GEICO GENERAL**

**INSURANCE COMPANY** upon all parties by Statutory Electronic Mail or by depositing a copy of same

in the United States Mail in a properly addressed envelope with adequate postage thereon to ensure delivery

to:

      Ashley Pitts,
      Bank of America Plaza
      600 Peachtree Street, NE
      Suite 4010
      Atlanta, GA 30308

This ____29____ day of March 2022.

**Law Office of Andrews and Manganiello**
__/s/    S.    Megan    McClinton_____
S. Megan McClinton, Esq.
Georgia Bar No. 482904
Attorney for GEICO

100 Crescent Centre Parkway, Suite 950,
Tucker, Georgia 30084
 404.233.1222
Smcclinton@geico.com

STATE COURT OF
DEKALB COUNTY, GA.
3/29/2022 5:30 PM
E-FILED
BY: Mundy Jackson

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

ANGELINA JACOB,                          )
                                         )
                    Plaintiff(s),        )
                                         )
v.                                       )
                                         )        CIVIL ACTION FILE
 RENEGADE AUTO TRANSPORT CORP;           )        NO. 22A00905
JUAN CARLOS MEDEROS a/k/a JUAN           )
CARLOS MEDEROS HORTAS; and               )
PRIME PROPERTY & CASUALTY
INSURANCE INC.,

                    Defendant(s).

---

## DEMAND FOR JURY OF TWELVE

---

COMES NOW GEICO General Insurance Company (hereinafter referred to as "GEICO"),

by and through undersigned counsel, and demands a jury of twelve persons of all issues so triable.

Respectfully submitted,


**Law Office of Andrews and Manganiello**


___/s/_____S.____Megan_____McClinton_____
S. Megan McClinton, Esq.
Georgia Bar No. 482904
Attorney for GEICO

100 Crescent Centre Parkway, Suite 950,
Tucker, Georgia 30084
404.233.1222
Smcclinton@geico.com

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

ANGELINA JACOB,                          )
                                         )
                Plaintiff(s),            )
                                         )
v.                                       )
                                         )
 RENEGADE AUTO TRANSPORT CORP;           )     CIVIL ACTION FILE
JUAN CARLOS MEDEROS a/k/a JUAN           )     NO. 22A00905
CARLOS MEDEROS HORTAS; and               )
PRIME PROPERTY & CASUALTY                )
INSURANCE INC.,

                Defendant(s).

## CERTIFICATE OF SERVICE

This is to certify that I have this date served the within and foregoing **DEMAND FOR JURY OF**

**TWELVE** upon all parties by Statutory Electronic Service or by depositing a copy of same in the United

States Mail in a properly addressed envelope with adequate postage thereon to ensure delivery to:


    Ashley Pitts, Esq.
    Bank of America Plaza
    600 Peachtree St. NE, Ste 4010
    Atlanta, GA 30308

    This ____29____ day of March 2022.



                              Respectfully submitted,


                              **Law Office of Andrews and Manganiello**
                              __/s/    S.    Megan    McClinton_____
                              S. Megan McClinton, Esq.
                              Georgia Bar No. 482904
                              Attorney for GEICO

100 Crescent Centre Parkway, Suite 950,
Tucker, Georgia 30084
  404.233.1222
                                        STATE COURT OF
Smcclinton@geico.com                    DEKALB COUNTY, GA.
                                        3/29/2022 5:30 PM
                                        E-FILED
                                        BY: Mundy Jackson

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

ANGELINA JACOB,                         )
                                        )
            Plaintiff(s),               )
                                        )
v.                                      )
                                        )       CIVIL ACTION FILE
 RENEGADE AUTO TRANSPORT                )       NO. 22A00905
CORP; JUAN CARLOS MEDEROS               )
a/k/a JUAN CARLOS MEDEROS               )
HORTAS; and PRIME PROPERTY &
CASUALTY INSURANCE INC.,

            Defendant(s).

---

## NOTICE OF DEPOSITION

---

        YOU ARE HEREBY NOTIFIED pursuant to Official Code of Georgia Annotated § 9-11-26,

et seq., that before an officer duly authorized by law to administer oaths, the undersigned will proceed

to take the following deposition for discovery, cross-examination of a party deponent, and all other

purposes allowed by law including use at trial.  The deposition will continue from day to day until

examination is completed.

| Deponent | Time | Location |
|----------|------|----------|
| Angelina Jacob | August 25, 2022 at 10:00 AM | at Zoom |

        This _____29_____ day of March, 2022.

        Respectfully submitted,


                                **Law Office of Andrews and Manganiello**
                                _/s/_    _S._    _Megan_    _McClinton_____
                                S. Megan McClinton, Esq.
                                Georgia Bar No. 482904
                                Attorney for GEICO

100 Crescent Centre Parkway, Suite 950,
Tucker, Georgia 30084
404.233.1222
Smcclinton@geico.com

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

ANGELINA JACOB,                          )
                                         )
                    Plaintiff(s),        )
                                         )
v.                                       )
                                         )      CIVIL ACTION FILE
 RENEGADE AUTO TRANSPORT                 )      NO. 22A00905
CORP; JUAN CARLOS MEDEROS                )
a/k/a JUAN CARLOS MEDEROS                )
HORTAS; and PRIME PROPERTY &
CASUALTY INSURANCE INC.,

                    Defendant(s).

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served the within and foregoing **NOTICE OF DEPOSITION** upon

all parties by Statutory Electronic Service or by depositing a copy of same in the United States Mail in a

properly addressed envelope with adequate postage thereon to ensure delivery to:

> Ashley Pitts,
> Bank of America Plaza
> 600 Peachtree Street, NE
> Suite 4010
> Atlanta, GA 30308

   This   __29___ day of March, 2022.


                              Respectfully submitted,


                              **Law Office of Andrews and Manganiello**
                              _/s/    S.   Megan    McClinton_____
                              S. Megan McClinton, Esq.
                              Georgia Bar No. 482904
                              Attorney for GEICO

100 Crescent Centre Parkway, Suite 950,         STATE COURT OF
Tucker, Georgia 30084                           DEKALB COUNTY, GA.
404.233.1222                                    3/29/2022 5:30 PM
Smcclinton@geico.com                            E-FILED
                                                BY: Mundy Jackson

TO:      All Judges, Clerk of Court, and Counsel of Record

FROM:     S. Megan McClinton, Esq.

RE:      **Notice of Leave of Absence**

DATE:     March 29, 2022

**COMES NOW** S. Megan McClinton, and respectfully notifies the Judge before whom he/she has this case pending, affected Clerk of Court, and all Opposing Counsel, that he/she will be on leave pursuant to Georgia Uniform Court Rule 16.

1.     The periods of leave during which time Applicant will be away from the practice of law are:

*March 23rd through and including March 30th, 2022;*

*April 15th through and including April 22nd, 2022;*

*May 10th through and including May 14th, 2022;*

*May 23rd through and including May 31st, 2022 ;*

*June 20th through and including June 27th, 2022;*

*July 12th through and including July 19th, 2022;*

*August 16th through and including August 23rd, 2022;*

*September 1st through and including September 8th, 2022;*

*October 25th through and including November 1st, 2022;*

*November 21st through and including November 29th, 2022;*

*December 22nd through and including December 29th, 2022.*

2.     All affected Judges and Opposing Counsel shall have ten days from the date of this Notice to object.  If no objections are filed, the Leave shall be Granted.

3.      To all Clerks of Court:  Please file the Notice and return stamped "filed" copy in

enclosed self-addressed envelope.

Respectfully submitted,

**Law Office of Andrews and Manganiello**


 _/s/    S.    Megan    McClinton_____
S. Megan McClinton, Esq.
Georgia Bar No. 482904
Attorney for Defendant GEICO

100 Crescent Centre Parkway, Suite 950,
Tucker, Georgia 30084
404-233-1222

STATE COURT OF
DEKALB COUNTY, GA.
3/29/2022 5:30 PM
E-FILED
BY: Mundy Jackson

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that I have this date served a copy of the foregoing **NOTICE OF LEAVE OF ABSENCE** on all Judges, Clerks, and Opposing Counsel listed on the attached Exhibit "A" by Statutory Electronic Service or by depositing the same in the U.S. Mail with adequate postage affixed thereto.

This ___29___ day of March, 2022.

Respectfully submitted,

**Law Office of Andrews and Manganiello**


___/s/___S.___Megan___McClinton_____
S. Megan McClinton, Esq.
Georgia Bar No. 482904
Attorney for Defendant GEICO

100 Crescent Centre Parkway, Suite 950,
Tucker, Georgia 30084
404-233-1222




STATE COURT OF
DEKALB COUNTY, GA.
3/29/2022 5:30 PM
E-FILED
BY: Mundy Jackson

EXHIBIT "A"

| <u>CASE NAME AND NUMBER</u> | <u>PRESIDING JUDGE</u> | <u>OPPOSING COUNSEL</u> |
|---|---|---|
| <u>ANGELINA JACOB v. RENEGADE AUTO TRANSPORT CORP; JUAN CARLOS MEDEROS a/k/a JUAN CARLOS MEDEROS HORTAS; and PRIME PROPERTY & CASUALTY INSURANCE INC.</u><br>Case Number: 22A00905 | Judge | Ashley Pitts,<br>Bank of America Plaza<br>600 Peachtree Street, NE<br>Suite 4010<br>Atlanta, GA 30308 |

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

ANGELINA JACOB,             )
                                           )

            Plaintiff(s),       )
                                           )

v.                               )
                                         )    CIVIL ACTION FILE

RENEGADE AUTO TRANSPORT CORP; )   NO. 22A00905
JUAN CARLOS MEDEROS a/k/a JUAN   )
CARLOS MEDEROS HORTAS; and     )
PRIME PROPERTY & CASUALTY
INSURANCE INC.,

              Defendant(s).

## CERTIFICATE OF SERVING DISCOVERY

This is to certify that I have this day served all counsel of record to this action with copies of

**GEICO GENERAL INSURANCE COMPANY'S (1) FIRST INTERROGATORIES TO PLAINTIFF AND (2) FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE AT TRIAL TO PLAINTIFF** by Statutory Electronic Service or by depositing copies of same in the United States mail in an appropriately addressed envelope with adequate postage thereon as follows:

     Ashley Pitts,
     Bank of America Plaza
     600 Peachtree St. NE, Ste 4010
     Atlanta, GA 30308
     This ____29____ day of March 2022.

                            Respectfully submitted,

                      **Law Office of Andrews and Manganiello**
                        */s/   S.   Megan   McClinton*
                      S. Megan McClinton, Esq.
                      Georgia Bar No. 482904, Attorney for GEICO

100 Crescent Centre Parkway, Suite 950,
Tucker, Georgia 30084
404.233.1222
Smcclinton@geico.com

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

ANGELINA JACOB;

      Plaintiff,

v.

RENEGADE AUTO TRANSPORT
CORP;
JUAN CARLOS MEDEROS a/k/a
JUAN CARLOS MEDEROS HORTAS; and
PRIME PROPERTY & CASUALTY
INSURANCE INC.;

      Defendants.

CIVIL ACTION

FILE NO. 22A00905

---

## <u>CERTIFICATE OF SERVING DISCOVERY PURSUANT TO RULE 5.2</u>

Pursuant to Uniform Superior Court Rule 5.2, this is to certify that I have this date served a true and correct copy of **Plaintiff's Responses and Objections to GEICO General Insurance Company's First Interrogatories and First Request for Production of Documents and Notice to Produce at Trial, along with this Certificate of Serving Discovery Pursuant to Rule 5.2**, in the above-styled action upon counsel of record electronically via Odyssey e-File GA and/or email or by U.S. Mail addressed as follows:

S. Megan McClinton
Law Office of Andrews and Manganiello
100 Crescent Centre Parkway, Suite 950
Tucker, GA 30084
Smcclinton@geico.com

This 16th day of May, 2022.

WLG Atlanta, LLC

*/s/ Ashley Pitts*
Ashley Pitts
Georgia State Bar Number 481759
Adewale Odetunde
Georgia State Bar Number 374418
Attorneys For Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:    404-905-6020
Facsimile:     470-880-5095
E-Mail:         ashley.pitts@witheritelaw.com

Control Number : SOP-22142603

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

### Juan Carlos Mederos

have been filed with the Secretary of State on 06/21/2022 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Angelina Jacob v. Juan Carlos Mederos
Court: State Court of DeKalb County
Civil Action No.: 22A00905

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 06/30/2022.



Brad Raffensperger
Secretary of State

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

ANGELINA JACOB;

      Plaintiff,                                           CIVIL ACTION

v.                                                          FILE NO. 22A00905

RENEGADE AUTO TRANSPORT
CORP;
JUAN CARLOS MEDEROS a/k/a
JUAN CARLOS MEDEROS HORTAS; and
PRIME PROPERTY & CASUALTY
INSURANCE INC.;

      Defendants.

---

### PLAINTIFF'S ATTORNEY AFFIDAVIT OF COMPLIANCE FOR SERVICE OF PROCESS UPON A NON-RESIDENT MOTORIST

1.

I, Ashley Pitts, am the attorney who represents the Plaintiff in the above-styled case.

2.

I hereby certify that, in accordance with O.C.G.A. § 40-12-2, I have forwarded by statutory overnight mail Notice of Service of the above-styled case along with a copy of the Summons; Complaint; and Plaintiff's First Interrogatories, First Request for Production of Documents, and First Request for Admissions to Defendant Juan Carlos Mederos a/k/a Juan Carlos Mederos Hortas for the Office of the Secretary of State to Defendant Juan Carlos Mederos a/k/a Juan Carlos Mederos Hortas at the following address:

Juan Carlos Mederos a/k/a Juan Carlos Mederos Hortas
1529 NW 50 Street
Miami, FL 33142

3.

I further certify that I SHALL FILE WITH THE APPROPRIATE COURT appended to the documents, regarding this case: (1) any return receipt received as evidence of service upon Defendant Juan Carlos Mederos a/k/a Juan Carlos Mederos Hortas by the Plaintiff and (2) this Plaintiff's Affidavit of Compliance.

FURTHER AFFIANT SAYETH NOT.

This 20th day of June, 2022.

WLG Atlanta, LLC

_____

Ashley Pitts
Georgia State Bar Number 481759
Adewale Odetunde
Georgia State Bar Number 374418
Attorneys For Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:     404-905-6020
Facsimile:     470-880-5095
E-Mail:     ashley.pitts@witheritelaw.com

Subscribed and sworn to before me

this 20TH day of JUNE, 2022.

_____
Notary Public

My Commission Expires: 7.12-23

**CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.**



**Hello, your package has been delivered.**

|  |  |
|---|---|
| **Delivery Date:** | Thursday, 06/23/2022 |
| **Delivery Time:** | 10:06 AM |
| **Signed by:** | oliva |



Experience UPS My Choice® Premium Today
Be in total control of how, when and where your packages are delivered.
Upgrade to Premium Now

Set Delivery Instructions

Manage Preferences

View My Packages

## WITHERITE LAW GROUP

| | |
|---|---|
| **Tracking Number:** | **1ZW54W87A293763241** |
| **Ship To:** | JUAN CARLOS MEDEROS<br>1529 NW 50 STREET<br>MIAMI, FL 33142<br>US |
| **Number of Packages:** | 1 |
| **UPS Service:** | UPS Next Day Air® |
| **Package Weight:** | 0.5 LBS |
| **Reference Number:** | ANGELINA JACOB 269850 |

 Download the UPS mobile app

© 2022 United Parcel Service of America, Inc. UPS, the UPS brandmark, and the color brown are trademarks of United Parcel Service of America, Inc. All rights reserved.

All trademarks, trade names, or service marks that appear in connection with UPS's services are the

property of their respective owners.

Please do not reply directly to this email.

**Manage Your UPS My Choice Delivery Alerts**

**Review the UPS Privacy Notice**

**Review the UPS My Choice Service Terms**

# Proof of Delivery

Dear Customer,

This notice serves as proof of delivery for the shipment listed below.

**Tracking Number**

1ZW54W87A293763241

**Weight**

0.50 LBS

**Service**

UPS Next Day Air®

**Shipped / Billed On**

06/22/2022

**Additional Information**

Adult Signature Required

**Delivered On**

06/23/2022 10:06 A.M.

**Delivered To**

MIAMI, FL, US

**Received By**

oliva

**Left At**

Residential

Thank you for giving us this opportunity to serve you. Details are only available for shipments delivered within the last 120 days. Please print for your records if you require this information after 120 days.

Sincerely,

UPS

Tracking results provided by UPS: 06/23/2022 3:24 P.M. EST

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

ANGELINA JACOB;

     Plaintiff,

v.

RENEGADE AUTO TRANSPORT
CORP;
JUAN CARLOS MEDEROS a/k/a
JUAN CARLOS MEDEROS HORTAS; and
PRIME PROPERTY & CASUALTY
INSURANCE INC.;

     Defendants.

CIVIL ACTION

FILE NO. 22A00905

---

## PLAINTIFF'S ATTORNEY AFFIDAVIT OF COMPLIANCE FOR SERVICE OF PROCESS UPON A NON-RESIDENT MOTOR CARRIER

1.

I, Ashley Pitts, am the attorney who represents the Plaintiff in the above-styled case.

2.

I hereby certify that, in accordance with O.C.G.A. Section 40-1-117, I have forwarded by

certified mail-return receipt requested and/or by statutory overnight mail Notice of Service of the

above-styled case along with a copy of the Complaint, Summons, and Plaintiff's First

Interrogatories, First Request for Production of Documents, and First Request for Admissions to

Defendant Renegade Auto Transport Corp at the following address:

Renegade Auto Transport Corp
c/o Registered Agent Juan Ramirez
11780 SW 248th Terrace
Homestead, FL 33032

3.

I further certify that I SHALL FILE WITH THE APPROPRIATE COURT appended to the

documents, regarding this case: (1) any return receipt received as evidence of service upon the

Defendant by the Plaintiff and (2) this Plaintiff's Affidavit of Compliance.

FURTHER AFFIANT SAYETH NOT.

This 20th day of June, 2022.

_____
Ashley Pitts
Georgia State Bar Number 481759
Adewale Odetunde
Georgia State Bar Number 374418
Attorneys For Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:      404-905-6020
Facsimile:      470-880-5095
E-Mail:          ashley.pitts@witheritelaw.com

Subscribed and sworn to before me

this _____ day of _____, 2022.

_____
Notary Public

My Commission Expires: _____

**CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.**



**Hello, your package has been delivered.**

| | |
|---:|:---|
| **Delivery Date:** | Thursday, 06/23/2022 |
| **Delivery Time:** | 10:02 AM |
| **Signed by:** | RAMIREZ |



Experience UPS My Choice® Premium Today
Be in total control of how, when and where your packages are delivered.

Upgrade to Premium Now

Set Delivery Instructions

Manage Preferences

View My Packages

### WITHERITE LAW GROUP

| | |
|:---|:---|
| **Tracking Number:** | 1ZW54W87A296158855 |
| **Ship To:** | RENEGADE AUTO TRANSPORT CORP<br>11780 SW 248TH TERRACE<br>HOMESTEAD, FL 33032<br>US |
| **Number of Packages:** | 1 |
| **UPS Service:** | UPS Next Day Air® |
| **Package Weight:** | 0.5 LBS |
| **Reference Number:** | ANGELINA JACOB 269850 |

 Download the UPS mobile app

© 2022 United Parcel Service of America, Inc. UPS, the UPS brandmark, and the color brown are trademarks of United Parcel Service of America, Inc. All rights reserved.

All trademarks, trade names, or service marks that appear in connection with UPS's services are the

property of their respective owners.

Please do not reply directly to this email.

**Manage Your UPS My Choice Delivery Alerts**

**Review the UPS Privacy Notice**

**Review the UPS My Choice Service Terms**

# Proof of Delivery

Dear Customer,

This notice serves as proof of delivery for the shipment listed below.

**Tracking Number**

1ZW54W87A296158855

**Weight**

0.50 LBS

**Service**

UPS Next Day Air®

**Shipped / Billed On**

06/22/2022

**Additional Information**

Adult Signature Required

**Delivered On**

06/23/2022 10:02 A.M.

**Delivered To**

HOMESTEAD, FL, US

**Received By**

RAMIREZ

**Left At**

Residential

Thank you for giving us this opportunity to serve you. Details are only available for shipments delivered within the last 120 days. Please print for your records if you require this information after 120 days.

Sincerely,

UPS

Tracking results provided by UPS: 06/23/2022 3:15 P.M. EST

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

ANGELINA JACOB;

      Plaintiff,

v.

RENEGADE AUTO TRANSPORT
CORP;
JUAN CARLOS MEDEROS a/k/a
JUAN CARLOS MEDEROS HORTAS; and
PRIME PROPERTY & CASUALTY
INSURANCE INC.;

      Defendants.

CIVIL ACTION

FILE NO. 22A00905

**PLAINTIFF'S ATTORNEY AFFIDAVIT OF COMPLIANCE FOR SERVICE
OF PROCESS UPON AN UNAUTHORIZED INSURER**

1.

I, Ashley B. Pitts, am the attorney who represents the Plaintiff in the above-styled case.

2.

I hereby certify that, in accordance with O.C.G.A. Section 33-5-53, Defendant Prime

Property & Casualty Insurance Inc. is an unauthorized insurer and is not registered with The

Office of Insurance and Safety Fire Commissioner and that I have forwarded by certified mail-

return receipt requested, registered mail, or statutory overnight delivery such process to the last

registered office of Defendant Prime Property & Casualty Insurance Inc. I have forwarded by

certified mail-return receipt requested, registered mail, or statutory overnight delivery a copy of

the Notice of Service of the above-styled case along with a copy of the Summons and

Complaint to Defendant Prime Property & Casualty Insurance Inc. at the following addresses:

Mark Fisher, General Counsel
Prime Property & Casualty Insurance Inc.
8722 S. Harrison St.
Sandy, UT 84070

3.

I further certify that I SHALL FILE WITH THE APPROPRIATE COURT appended to the

documents, regarding this case: (1) any return receipt received as evidence of service upon the

Defendant by the Plaintiff and (2) this Plaintiff's Affidavit of Compliance.

FURTHER AFFIANT SAYETH NOT.

This 6ᵗʰ day of July, 2022.



~~Georgia State Bar Number 481759~~
Adewale Odetunde
Georgia State Bar Number 374418
Attorneys For Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:    404-905-6020
Facsimile:    470-880-5095
E-Mail:       ashley.pitts@witheritelaw.com

STATE COURT OF
DEKALB COUNTY, GA.
7/12/2022 10:54 AM
E-FILED
BY: Mundy Jackson

Subscribed and sworn to before me

this ____ day of ____ 2022

_____
Notary Public

My Commission Expires: _____

**CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.**



**Hello, your package has been delivered.**

| | |
|---|---|
| **Delivery Date:** | Thursday, 07/07/2022 |
| **Delivery Time:** | 10:12 AM |
| **Signed by:** | ABBY |

## WITHERITE LAW GROUP

| | |
|---|---|
| **Tracking Number:** | **1ZW54W87A293095624** |
| **Ship To:** | PRIME PROPERTY CASUALTY INSURANCE<br>8722 S. HARRISON ST.<br>SANDY, UT 84070<br>US |
| **Number of Packages:** | 1 |
| **UPS Service:** | UPS Next Day Air® |
| **Package Weight:** | 0.5 LBS |
| **Reference Number:** | ANGELINA JACOB 269850 |

### Discover more about UPS:

Visit www.ups.com

Sign Up For Additional E-Mail From UPS

Read Compass Online

 Download the UPS mobile app

© 2022 United Parcel Service of America, Inc. UPS, the UPS brandmark, and the color brown are trademarks of United Parcel Service of America, Inc. All rights reserved.

All trademarks, trade names, or service marks that appear in connection with UPS's services are the property of their respective owners.

Please do not reply directly to this email. UPS will not receive any reply message.

**Review the UPS Privacy Notice**

**For Questions, Visit Our Help and Support Center**

# Proof of Delivery

Dear Customer,

This notice serves as proof of delivery for the shipment listed below.

**Tracking Number**

1ZW54W87A293095624

**Weight**

0.50 LBS

**Service**

UPS Next Day Air®

**Shipped / Billed On**

07/06/2022

**Additional Information**

Adult Signature Required

**Delivered On**

07/07/2022 10:12 A.M.

**Delivered To**

SANDY, UT, US

**Received By**

ABBY

**Left At**

Front Desk

Thank you for giving us this opportunity to serve you. Details are only available for shipments delivered within the last 120 days. Please print for your records if you require this information after 120 days.

Sincerely,

UPS

Tracking results provided by UPS: 07/11/2022 9:45 A.M. EST

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

ANGELINA JACOB;

      Plaintiff,

v.

RENEGADE AUTO TRANSPORT
CORP;
JUAN CARLOS MEDEROS a/k/a
JUAN CARLOS MEDEROS HORTAS; and
PRIME PROPERTY & CASUALTY
INSURANCE INC.;

      Defendants.

CIVIL ACTION

FILE NO. 22A00905

---

**PLAINTIFF'S ATTORNEY AFFIDAVIT OF COMPLIANCE FOR
SERVICE OF PROCESS UPON A NON-RESIDENT MOTORIST**

1.

I, Ashley Pitts, am the attorney who represents the Plaintiff in the above-styled case.

2.

I hereby certify that, in accordance with O.C.G.A. § 40-12-2, I have forwarded by

statutory overnight mail Notice of Service of the above-styled case along with a copy of the

Summons; Complaint; and Plaintiff's First Interrogatories, First Request for Production of

Documents, and First Request for Admissions to Defendant Juan Carlos Mederos a/k/a

Juan Carlos Mederos Hortas for the Office of the Secretary of State to Defendant Juan Carlos

Mederos a/k/a Juan Carlos Mederos Hortas at the following address:

Juan Carlos Mederos a/k/a Juan Carlos Mederos Hortas
1529 NW 50 Street
Miami, FL 33142

3.

I further certify that I SHALL FILE WITH THE APPROPRIATE COURT appended to the

documents, regarding this case: (1) any return receipt received as evidence of service upon

Defendant Juan Carlos Mederos a/k/a Juan Carlos Mederos Hortas by the Plaintiff and (2) this

Plaintiff's Affidavit of Compliance.

FURTHER AFFIANT SAYETH NOT.

This 20th day of June, 2022.

WLG Atlanta, LLC

_____
Ashley Pitts
Georgia State Bar Number 481759
Adewale Odetunde
Georgia State Bar Number 374418
Attorneys For Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:    404-905-6020
Facsimile:    470-880-5095
E-Mail:       ashley.pitts@witheritelaw.com

Subscribed and sworn to before me
this __20TH__ day of __JUNE__, 2022.

_____
Notary Public

My Commission Expires: _7-12-23_

**CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.**



**Hello, your package has been delivered.**

|  |  |
| --- | --- |
| **Delivery Date:** | Thursday, 06/23/2022 |
| **Delivery Time:** | 10:06 AM |
| **Signed by:** | oliva |



Set Delivery Instructions

Manage Preferences

View My Packages

### WITHERITE LAW GROUP

| | |
| --- | --- |
| **Tracking Number:** | **1ZW54W87A293763241** |
| **Ship To:** | JUAN CARLOS MEDEROS<br>1529 NW 50 STREET<br>MIAMI, FL 33142<br>US |
| **Number of Packages:** | 1 |
| **UPS Service:** | UPS Next Day Air® |
| **Package Weight:** | 0.5 LBS |
| **Reference Number:** | ANGELINA JACOB 269850 |

 Download the UPS mobile app

© 2022 United Parcel Service of America, Inc. UPS, the UPS brandmark, and the color brown are trademarks of United Parcel Service of America, Inc. All rights reserved.

All trademarks, trade names, or service marks that appear in connection with UPS's services are the

property of their respective owners.

Please do not reply directly to this email.

**Manage Your UPS My Choice Delivery Alerts**

**Review the UPS Privacy Notice**

**Review the UPS My Choice Service Terms**

# Proof of Delivery

Dear Customer,

This notice serves as proof of delivery for the shipment listed below.

**Tracking Number**

1ZW54W87A293763241

**Weight**

0.50 LBS

**Service**

UPS Next Day Air®

**Shipped / Billed On**

06/22/2022

**Additional Information**

Adult Signature Required

**Delivered On**

06/23/2022 10:06 A.M.

**Delivered To**

MIAMI, FL, US

**Received By**

oliva

**Left At**

Residential

Thank you for giving us this opportunity to serve you. Details are only available for shipments delivered within the last 120 days. Please print for your records if you require this information after 120 days.

Sincerely,

UPS

Tracking results provided by UPS: 06/23/2022 3:24 P.M. EST

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

ANGELINA JACOB;

      Plaintiff,

v.

RENEGADE AUTO TRANSPORT
CORP;
JUAN CARLOS MEDEROS a/k/a
JUAN CARLOS MEDEROS HORTAS; and
PRIME PROPERTY & CASUALTY
INSURANCE INC.;

      Defendants.

CIVIL ACTION

FILE NO. 22A00905

## PLAINTIFF'S ATTORNEY AFFIDAVIT OF COMPLIANCE FOR SERVICE OF PROCESS UPON A NON-RESIDENT MOTOR CARRIER

1.

I, Ashley Pitts, am the attorney who represents the Plaintiff in the above-styled case.

2.

I hereby certify that, in accordance with O.C.G.A. Section 40-1-117, I have forwarded by certified mail-return receipt requested and/or by statutory overnight mail Notice of Service of the above-styled case along with a copy of the Complaint, Summons, and Plaintiff's First Interrogatories, First Request for Production of Documents, and First Request for Admissions to Defendant Renegade Auto Transport Corp at the following address:

Renegade Auto Transport Corp
c/o Registered Agent Juan Ramirez
11780 SW 248th Terrace
Homestead, FL 33032

3.

I further certify that I SHALL FILE WITH THE APPROPRIATE COURT appended to the documents, regarding this case: (1) any return receipt received as evidence of service upon the Defendant by the Plaintiff and (2) this Plaintiff's Affidavit of Compliance.

FURTHER AFFIANT SAYETH NOT.

This 20th day of June, 2022.

_____
Ashley Pitts
Georgia State Bar Number 481759
Adewale Odetunde
Georgia State Bar Number 374418
Attorneys For Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:    404-905-6020
Facsimile:    470-880-5095
E-Mail:        ashley.pitts@witheritelaw.com


Subscribed and sworn to before me

this _____ day of _____, 2022.

_____
Notary Public

My Commission Expires: _____

**CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.**



**Hello, your package has been delivered.**

| | |
|---|---|
| **Delivery Date:** | Thursday, 06/23/2022 |
| **Delivery Time:** | 10:02 AM |
| **Signed by:** | RAMIREZ |



Set Delivery Instructions

Manage Preferences

View My Packages

## WITHERITE LAW GROUP

| | |
|---|---|
| **Tracking Number:** | 1ZW54W87A296158855 |
| **Ship To:** | RENEGADE AUTO TRANSPORT CORP<br>11780 SW 248TH TERRACE<br>HOMESTEAD, FL 33032<br>US |
| **Number of Packages:** | 1 |
| **UPS Service:** | UPS Next Day Air® |
| **Package Weight:** | 0.5 LBS |
| **Reference Number:** | ANGELINA JACOB 269850 |

 Download the UPS mobile app

© 2022 United Parcel Service of America, Inc. UPS, the UPS brandmark, and the color brown are trademarks of United Parcel Service of America, Inc. All rights reserved.

All trademarks, trade names, or service marks that appear in connection with UPS's services are the

property of their respective owners.

Please do not reply directly to this email.

**Manage Your UPS My Choice Delivery Alerts**

**Review the UPS Privacy Notice**

**Review the UPS My Choice Service Terms**

# Proof of Delivery

Dear Customer,

This notice serves as proof of delivery for the shipment listed below.

**Tracking Number**

1ZW54W87A296158855

**Weight**

0.50 LBS

**Service**

UPS Next Day Air®

**Shipped / Billed On**

06/22/2022

**Additional Information**

Adult Signature Required

**Delivered On**

06/23/2022 10:02 A.M.

**Delivered To**

HOMESTEAD, FL, US

**Received By**

RAMIREZ

**Left At**

Residential

Thank you for giving us this opportunity to serve you. Details are only available for shipments delivered within the last 120 days. Please print for your records if you require this information after 120 days.

Sincerely,

UPS

Tracking results provided by UPS: 06/23/2022 3:15 P.M. EST

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

ANGELINA JACOB;

      Plaintiff,

v.

RENEGADE AUTO TRANSPORT
CORP;
JUAN CARLOS MEDEROS a/k/a
JUAN CARLOS MEDEROS HORTAS; and
PRIME PROPERTY & CASUALTY
INSURANCE INC.;

      Defendants.

CIVIL ACTION

FILE NO. 22A00905

---

## PLAINTIFF'S ATTORNEY AFFIDAVIT OF COMPLIANCE FOR SERVICE OF PROCESS UPON AN UNAUTHORIZED INSURER

1.

I, Ashley B. Pitts, am the attorney who represents the Plaintiff in the above-styled case.

2.

I hereby certify that, in accordance with O.C.G.A. Section 33-5-53, Defendant Prime Property & Casualty Insurance Inc. is an unauthorized insurer and is not registered with The Office of Insurance and Safety Fire Commissioner and that I have forwarded by certified mail-return receipt requested, registered mail, or statutory overnight delivery such process to the last registered office of Defendant Prime Property & Casualty Insurance Inc. I have forwarded by certified mail-return receipt requested, registered mail, or statutory overnight delivery a copy of the Notice of Service of the above-styled case along with a copy of the Summons and Complaint to Defendant Prime Property & Casualty Insurance Inc. at the following addresses:

Mark Fisher, General Counsel
Prime Property & Casualty Insurance Inc.
8722 S. Harrison St.
Sandy, UT 84070

3.

I further certify that I SHALL FILE WITH THE APPROPRIATE COURT appended to the documents, regarding this case: (1) any return receipt received as evidence of service upon the Defendant by the Plaintiff and (2) this Plaintiff's Affidavit of Compliance.

FURTHER AFFIANT SAYETH NOT.

This 6th day of July, 2022.



Georgia State Bar Number 481759
Adewale Odetunde
Georgia State Bar Number 374418
Attorneys For Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:    404-905-6020
Facsimile:    470-880-5095
E-Mail:    ashley.pitts@witheritelaw.com

Subscribed and sworn to before me
this 6TH day of July 2022

Notary Public

My Commission Expires:

**CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.**



### Hello, your package has been delivered.

| | |
|---|---|
| **Delivery Date:** | Thursday, 07/07/2022 |
| **Delivery Time:** | 10:12 AM |
| **Signed by:** | ABBY |

## WITHERITE LAW GROUP

| | |
|---|---|
| **Tracking Number:** | **1ZW54W87A293095624** |
| **Ship To:** | PRIME PROPERTY CASUALTY INSURANCE<br>8722 S. HARRISON ST.<br>SANDY, UT 84070<br>US |
| **Number of Packages:** | 1 |
| **UPS Service:** | UPS Next Day Air® |
| **Package Weight:** | 0.5 LBS |
| **Reference Number:** | ANGELINA JACOB 269850 |

### Discover more about UPS:

Visit www.ups.com

Sign Up For Additional E-Mail From UPS

Read Compass Online

 Download the UPS mobile app

---

© 2022 United Parcel Service of America, Inc. UPS, the UPS brandmark, and the color brown are trademarks of United Parcel Service of America, Inc. All rights reserved.

All trademarks, trade names, or service marks that appear in connection with UPS's services are the property of their respective owners.

Please do not reply directly to this email. UPS will not receive any reply message.

**Review the UPS Privacy Notice**

**For Questions, Visit Our Help and Support Center**

# Proof of Delivery

Dear Customer,

This notice serves as proof of delivery for the shipment listed below.

**Tracking Number**

1ZW54W87A293095624

**Weight**

0.50 LBS

**Service**

UPS Next Day Air®

**Shipped / Billed On**

07/06/2022

**Additional Information**

Adult Signature Required

**Delivered On**

07/07/2022 10:12 A.M.

**Delivered To**

SANDY, UT, US

**Received By**

ABBY

**Left At**

Front Desk

Thank you for giving us this opportunity to serve you. Details are only available for shipments delivered within the last 120 days. Please print for your records if you require this information after 120 days.

Sincerely,

UPS

Tracking results provided by UPS: 07/11/2022 9:45 A.M. EST

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

ANGELINA JACOB,

          Plaintiff,

v.

RENEGADE AUTO TRANSPORT CORP.;
JUAN CARLOS MEDEROS a/k/a JUAN
CARLOS MEDEROS HORTAS; and PRIME
PROPERTY & CASUALTY INSURANCE
COMPANY,

          Defendants.

CIVIL ACTION FILE
NO. 22A00905

**DEFENDANT JUAN CARLOS MEDEROS a/k/a JUAN CARLOS MEDEROS HORTAS'
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

COMES NOW Juan Carlos Mederos a/k/a Juan Carlos Mederos Hortas ("defendant"), by
and through counsel, submits this answer and defenses to plaintiff's complaint for damages,
showing the Court as follows:

**FIRST DEFENSE**

All or part of plaintiff's complaint for damages fails to state a cause of action against
defendant upon which relief can be granted and defendant therefore moves to dismiss said action.

**SECOND DEFENSE**

Further answering the numbered paragraphs of plaintiff's complaint for damages,
defendant answers as follows:

1.

Defendant admits that plaintiff has identified the incident that gave rise to this lawsuit but
denies any inference that the accident at issue was caused by the negligence of defendant and

denies all allegations contained in paragraph 1 of plaintiff's complaint for damages not expressly admitted.

**RESPONSE TO ALLEGATIONS REGARDING
"PARTIES, JURISDICTION, AND VENUE"**

2.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 2 of plaintiff's complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

3.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 3 of plaintiff's complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

4.

Defendant only admits the portion of paragraph 4 that he may be served in accordance with Georgia law. To the extent the allegations contained in paragraph 4 of plaintiff's complaint for damages are inconsistent with Georgia law, they are denied. Defendant does not possess sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 4 of plaintiff's complaint for damages and, therefore, in an abundance of caution, all remaining allegations in said paragraph are denied.

5.

The allegations contained in paragraph 5 of plaintiff's complaint for damages state a legal conclusion and therefore no response to same is required of the defendant. To the extent a response is required the allegations contained in paragraph 5 of plaintiff's complaint for damages are denied.

6.

The allegations contained in paragraph 6 of plaintiff's complaint for damages state a legal conclusion and therefore no response to same is required of the defendant. To the extent a response is required the allegations contained in paragraph 6 of plaintiff's complaint for damages are denied. Defendant denies the remaining allegations contained in paragraph 6 of plaintiff's complaint for damages regarding defendant's alleged commission of a tortious act and/or omission within the State of Georgia and places plaintiff on strict proof thereof.

7.

The allegations contained in paragraph 7 of plaintiff's complaint for damages state a legal conclusion and therefore no response to same is required of the defendant. To the extent a response is required the allegations contained in paragraph 7 of plaintiff's complaint for damages are denied.

8.

The allegations contained in paragraph 8 of plaintiff's complaint for damages state a legal conclusion and therefore no response to same is required of the defendant. To the extent a response is required the allegations contained in paragraph 8 of plaintiff's complaint for damages are denied.

9.

The allegations contained in paragraph 9 of plaintiff's complaint for damages state a legal conclusion and therefore no response to same is required of the defendant. To the extent a response is required the allegations contained in paragraph 9 of plaintiff's complaint for damages are denied.

10.

The allegations contained in paragraph 10 of plaintiff's complaint for damages state a legal conclusion and therefore no response to same is required of the defendant. To the extent a response

is required the allegations contained in paragraph 10 of plaintiff's complaint for damages are denied.

11.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 11 of plaintiff's complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

12.

The allegations contained in paragraph 12 of plaintiff's complaint for damages state a legal conclusion and therefore no response to same is required of the defendant. To the extent a response is required the allegations contained in paragraph 12 of plaintiff's complaint for damages are denied.

13.

The allegations contained in paragraph 13 of plaintiff's complaint for damages state a legal conclusion and therefore no response to same is required of the defendant. To the extent a response is required the allegations contained in paragraph 13 of plaintiff's complaint for damages are denied.

14.

The allegations contained in paragraph 14 of plaintiff's complaint for damages state a legal conclusion and therefore no response to same is required of the defendant. To the extent a response is required the allegations contained in paragraph 14 of plaintiff's complaint for damages are denied.

15.

The allegations contained in paragraph 15 of plaintiff's complaint for damages state a legal conclusion and therefore no response to same is required of the defendant. To the extent a response is required the allegations contained in paragraph 15 of plaintiff's complaint for damages are denied.

16.

The allegations contained in paragraph 16 of plaintiff's complaint for damages state a legal conclusion and therefore no response to same is required of the defendant. To the extent a response is required the allegations contained in paragraph 16 of plaintiff's complaint for damages are denied.

17.

The allegations contained in paragraph 17 of plaintiff's complaint for damages state a legal conclusion and therefore no response to same is required of the defendant. To the extent a response is required the allegations contained in paragraph 17 of plaintiff's complaint for damages are denied.

18.

The allegations contained in paragraph 18 of plaintiff's complaint for damages state a legal conclusion and therefore no response to same is required of the defendant. To the extent a response is required the allegations contained in paragraph 18 of plaintiff's complaint for damages are denied.

19.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 19 of plaintiff's complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

20.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 20 of plaintiff's complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

21.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 21 of plaintiff's complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

22.

The allegations contained in paragraph 22 of plaintiff's complaint for damages state a legal conclusion and therefore no response to same is required of the defendant. To the extent a response is required the allegations contained in paragraph 22 of plaintiff's complaint for damages are denied.

23.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 23 of plaintiff's complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

24.

The allegations contained in paragraph 24 of plaintiff's complaint for damages state a legal conclusion and therefore no response to same is required of the defendant. To the extent a response is required the allegations contained in paragraph 24 of plaintiff's complaint for damages are denied.

25.

The allegations contained in paragraph 25 of plaintiff's complaint for damages state a legal conclusion and therefore no response to same is required of the defendant. To the extent a response is required the allegations contained in paragraph 25 of plaintiff's complaint for damages are denied.

26.

The allegations contained in paragraph 26 of plaintiff's complaint for damages state a legal conclusion and therefore no response to same is required of the defendant. To the extent a response is required the allegations contained in paragraph 26 of plaintiff's complaint for damages are denied.

## RESPONSE TO ALLEGATIONS REGARDING "FACTS"

27.

Defendant incorporates his responses to paragraphs 1 through 26 of plaintiff's complaint for damages, inclusive, by reference as if fully set forth herein.

28.

Defendant admits the allegations contained in paragraph 28 of plaintiff's complaint for damages.

29.

Defendant admits the allegations contained in paragraph 29 of plaintiff's complaint for damages.

30.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 30 of plaintiff's complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

31.

Defendant denies the allegations contained in paragraph 31 of plaintiff's complaint for damages and places plaintiff on strict proof thereof.

32.

Defendant denies the allegations contained in paragraph 32 of plaintiff's complaint for damages and places plaintiff on strict proof thereof.

33.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 33 of plaintiff's complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

34.

Defendant denies the allegations contained in paragraph 34 of plaintiff's complaint for damages and places plaintiff on strict proof thereof.

35.

Defendant denies the allegations contained in paragraph 35 of plaintiff's complaint for damages and places plaintiff on strict proof thereof.

36.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 36 of plaintiff's complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

37.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 37 of plaintiff's complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

38.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 38 of plaintiff's complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

39.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 39 of plaintiff's complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

40.

Defendant denies the allegations contained in paragraph 40 of plaintiff's complaint for damages and places plaintiff on strict proof thereof.

41.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 41 of plaintiff's complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

**RESPONSE TO ALLEGATIONS REGARDING "COUNT I: DIRECT ACTION AGAINST PRIME PROPERTY & CASUALTY INSURANCE INC."**

42.

Defendant incorporates his responses to paragraphs 1 through 41 of plaintiff's complaint for damages, inclusive, by reference as if fully set forth herein.

43.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 43 of plaintiff's complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

44.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 44 of plaintiff's complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

45.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 45 of plaintiff's complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

46.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 46 of plaintiff's complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

47.

The allegations contained in paragraph 47 of plaintiff's complaint for damages state a legal conclusion and therefore no response to same is required of the defendant. To the extent a response

is required the allegations contained in paragraph 47 of plaintiff's complaint for damages are denied.

## RESPONSE TO ALLEGATIONS REGARDING
## "COUNT II: NEGLIGENCE OF RENEGADE AUTO TRANSPORT CORP."

### 48.

Defendant incorporates his responses to paragraphs 1 through 47 of plaintiff's complaint for damages, inclusive, by reference as if fully set forth herein.

### 49.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 49 of plaintiff's complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

### 50.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 50 of plaintiff's complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

### 51.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 51 of plaintiff's complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

### 52.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 52 of plaintiff's complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

53.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 53 of plaintiff's complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

54.

The allegations contained in paragraph 54 of plaintiff's complaint for damages state a legal conclusion and therefore no response to same is required of the defendant. To the extent a response is required the allegations contained in paragraph 54 of plaintiff's complaint for damages are denied.

55.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 55 of plaintiff's complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

56.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 56 of plaintiff's complaint for damages and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

57.

Defendant denies the allegations contained in paragraph 57 of plaintiff's complaint for damages, including subparts (a)-(g), and places plaintiff on strict proof thereof.

58.

Defendant denies the allegations contained in paragraph 58 of plaintiff's complaint for damages and places plaintiff on strict proof thereof.

59.

Defendant denies the allegations contained in paragraph 59 of plaintiff's complaint for damages and places plaintiff on struct proof thereof.

### RESPONSE TO ALLEGATIONS REGARDING
### "COUNT III: NEGLIGENCE OF DEFENDANT JUAN CARLOS MEDEROS A/K/A JUAN CARLOS MEDEROS HORTAS"

60.

Defendant incorporates his responses to paragraphs 1 through 59 of plaintiff's complaint for damages, inclusive, by reference as if fully set forth herein.

61.

In response to the allegations contained in paragraph 61 of plaintiff's complaint of damages, defendant admits only that his duties, if any, are defined by Georgia law. To the extent the allegations contained in paragraph 61 of plaintiff's complaint for damages, including subparts a.-m., are inconsistent with Georgia law, they are denied. Otherwise, defendant denies the allegations contained in paragraph 61 of plaintiff's complaint for damages and places plaintiff on strict proof thereof.

62.

Defendant denies the allegations contained in paragraph 62 of plaintiff's complaint for damages, including subparts a.-f., and places plaintiff on strict proof thereof.

63.

Defendant denies the allegations contained in paragraph 62 of plaintiff's complaint for damages and places plaintiff on strict proof thereof.

64.

Defendant denies the allegations contained in paragraph 64 of plaintiff's complaint for damages and places plaintiff on strict proof thereof.

## RESPONSE TO ALLEGATIONS REGARDING
## "COUNT IV: COMBINED AND CONCURRING NEGLIGENCE"

65.

Defendant incorporates his responses to paragraphs 1 through 64 of plaintiff's complaint for damages, inclusive, by reference as if fully set forth herein

66.

Defendant denies the allegations contained in paragraph 66 of plaintiff's complaint for damages and places plaintiff on strict proof thereof.

67.

Defendant denies the allegations contained in paragraph 67 of plaintiff's complaint for damages and places plaintiff on strict proof thereof.

68.

Defendant denies the allegations contained in paragraph 68 of plaintiff's complaint for damages and places plaintiff on strict proof thereof.

69.

Defendant denies the allegations contained in paragraph 69 of plaintiff's complaint for damages and places plaintiff on strict proof thereof.

70.

Defendant denies the allegations contained in paragraph 70 of plaintiff's complaint for damages and places plaintiff on strict proof thereof.

71.

In response to the "WHEREFORE" paragraph immediately following paragraph 70 of plaintiff's complaint for damages, including subparts a through f, defendant denies that he is liable to plaintiff and that plaintiff is entitled to any relief from defendant under any theory at law or in equity.

72.

Each and every allegation contained in plaintiff's complaint for damages not specifically addressed above is hereby expressly denied.

### THIRD DEFENSE

No act or omission of the defendant caused or contributed to any injuries or damages allegedly incurred by plaintiff; therefore, plaintiff has no right of recovery against the defendant.

### FOURTH DEFENSE

Defendant did not owe any legal duty of care to plaintiff.

### FIFTH DEFENSE

Defendant did not breach any duties owed to plaintiff and, therefore, plaintiff has no right of recovery against the defendant.

### SIXTH DEFENSE

No action or omission on the part of the defendant proximately caused or contributed to the incident at issue or the injuries or damages allegedly suffered by plaintiff; therefore, plaintiff has no right of recovery against the defendant.

## SEVENTH DEFENSE

Any injuries or damages sustained by plaintiff was the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiff, and no alleged act or omission by the defendant in any way caused or contributed to the incident described in the complaint for damages.

## EIGHTH DEFENSE

Plaintiff has no right of recovery against the defendant because any injuries or damages of which plaintiff complains are the proximate result of conduct, acts or omissions for which the defendant was in no way responsible.

## NINTH DEFENSE

To the extent as may be shown by the evidence through discovery, the defendant asserts the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiff to exercise ordinary care for her own safety, failure to avoid consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, estoppel, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of limitations, sudden emergency, and waiver.

## TENTH DEFENSE

Defendant pleads all affirmative defenses which they may be required to plead pursuant to and as provided by O.C.G.A. §9-11-8(c) and O.C.G.A. §9-11-12 (b) and (h) and incorporates all defensive matters set forth in those statutory provisions herein as if affirmatively set forth and pled. Defendant specifically reserves the right to amend defensive pleadings and set forth any other defenses as investigation and discovery in the above-captioned matter continues.

**ELEVENTH DEFENSE**

The failure to specifically plead special damages bars plaintiff's recovery. O.C.G.A. § 9-11-9(g).

**TWELFTH DEFENSE**

Plaintiff has failed to state facts sufficient to entitle her to an award of compensatory damages, punitive damages, or attorneys' fees and expenses from the defendant.

**THIRTEENTH DEFENSE**

Defendant reserves the right to assert additional affirmative defenses as same may become known during discovery.

**DEMAND FOR JURY OF TWELVE**

Defendant hereby demands that the above-captioned matter be tried by a jury of twelve

This 20th day of July, 2022.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Wayne S. Melnick*
WAYNE S. MELNICK
Georgia Bar No. 501267
wmelnick@fmglaw.com

*/s/ Carlos A. Fernández*
CARLOS A. FERNÁNDEZ
Georgia Bar No. 769087
carlos.fernandez@fmglaw.com

*Attorneys for Juan Carlos Mederos a/k/a Juan Carlos Mederos Hortas*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically submitted the foregoing DEFENDANT JUAN CARLOS MEDEROS a/k/a JUAN CARLOS MEDEROS HORTAS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES to the Clerk of Court using the Court's *e-filing* system which will automatically send electronic mail notification of such filing to the following counsel of record:

Ashley Pitts
Adewale Odetunde
WLG ATLANTA, LLC
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Ashley.pitts@witheritelaw.com
Adewale.odetunde@witheritelaw.com

This 20th day of July, 2022.

*/s/ Wayne S. Melnick*
WAYNE S. MELNICK
Georgia Bar No. 501267
wmelnick@fmglaw.com

*Attorney for Juan Carlos Mederos a/k/a Juan Carlos Mederos Hortas*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
20529178